## RUPINSKI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.
February 4, 1925.)

No. 4142.

**1. Indictment and information ⏍176—Specific date of sale named in indictment immaterial.**

In prosecution for sale of liquor under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), the specific date of sale named in the indictment is not material.

**2. Criminal law ⏍996(2)—Records and decrees cannot be altered after term, except for clerical errors.**

Generally, records and decrees cannot be altered after the term; but such rule does not apply in the case of mere clerical errors.

**3. Criminal law ⏍996(2)—Nunc pro tunc correction of clerical error after expiration of term held proper.**

Where record recited dismissal of count 2, instead of count 3, as result of mere clerical error, correction of record nunc pro tunc after expiration of term, held proper.

**4. Criminal law ⏍996(1)—Record reciting dismissal of count other than that actually dismissed deemed self-correcting.**

Where record erroneously recited that count 2 was dismissed on motion, but also recited that trial judge charged, without exception, that count 3 had been dismissed, and that the other four counts stood, and the evidence was sufficient to warrant conviction under count 2, the record may be deemed self-correcting, so as to sustain conviction under count 2, without nunc pro tunc correction.

**5. Searches and seizures ⏍3—Affidavit or deposition, setting forth the facts tending to establish grounds, essential.**

Search warrants cannot be issued without the statutory affidavit or deposition, setting forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist.

4 F.(2d)—2

**6. Intoxicating liquors ⏍248—Affidavit as to single sale of liquor, more than two months before making of affidavit, held insufficient.**

Affidavit as to single sale of liquor, more than two months prior to making of affidavit, *held* insufficient for issuance of search warrant, especially in view of statutory provision making warrant void, unless executed and returned within 10 days after its date.

**7. Criminal law ⏍394—Evidence obtained by means of illegal search warrant inadmissible.**

Evidence obtained by means of illegal search warrant *held* inadmissible, in prosecution under Volstead Act, on seasonable objection thereto.

**8. Criminal law ⏍820—Statement that defendant's failure to take stand was not equivalent to going on stand and testifying held proper.**

Supplementing charge that no unfavorable inferences should be drawn from defendant's failure to take stand, with further statement that such failure was not equivalent to his going on the stand and testifying, when called forth by erroneous statement in respect thereto by defendant's counsel, *held* proper.

**9. Criminal law ⏍369(6)—Evidence of other sales is not admissible in liquor prosecution, where intent, motive, or plan is not in question.**

In prosecution for sale of liquor under Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), evidence of other sales is inadmissible, where intent, plan, or motive is not in question.

**10. Criminal law ⏍1169(11)—Evidence held not ground for reversal, in view of evidence as a whole.**

In prosecution for sale of liquor, admission of evidence of other sales, without objection thereto until the question eliciting such evidence and the following question had been answered, *held* not ground for reversal, when not substantially prejudicial in view of entire evidence.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Stanley Rupinski was convicted of selling, manufacturing, and, possessing intoxicating liquor, and he brings error. Affirmed as to certain counts, and reversed, with directions to award new trial, as to other counts.

Wm. K. Clute and John J. Smolenski, both of Grand Rapids, Mich., for plaintiff in error.

Howard A. Ellis, Asst. U. S. Atty., of Grand Rapids, Mich. (Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich., on the brief), for the United States.

Before DENISON, MACK, and KNAPPEN, Circuit Judges.

MACK, Circuit Judge. Defendant was indicted under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) on five counts; the first three for sales in three different months, the fourth for manufacturing, and the fifth for possession. The record recites that, the cause being for trial, on motion of the district attorney, count 2 was dismissed. It further recites that the jury "found the defendant guilty as charged." The court, in charging the jury, said that count 3 had been dismissed. The sentence passed was six months under count 1, an additional six months under count 2, an additional four months under count 4, and a fine of $500 under count 5.

[1] 1. As the specific date of sale named in the indictment is not material (Jones v. U. S., 296 F. 632 [C. C. A. 4]), the only assignment of error relating to the first count fails.

[2-4] 2. While the clerk's blotter, the book of original entry, indicates that count 3 had been dismissed, the journal of the court, through an error on the part of the clerk, recites the dismissal of count 2. When the error was discovered, long after the term had passed, a motion was made and order entered nunc pro tunc correcting the record, and thereupon a motion was made in this court to correct the printed transcript of record. It is urged in behalf of the defendant that neither the court below nor this court has power to alter the record after the term, and therefore the dismissal of count 2 as recited in the record must stand. While the general rule is that the records and decrees of the court cannot be altered after the term, there is a well-recognized exception in the case of mere clerical errors. Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Sibbald v. U. S., 12 Pet. 488, 492, 9 L. Ed. 1167; U. S. v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. The motion to rectify the record will accordingly be granted. It might even be doubted whether the conviction under count 2 might not be sustained without an amendment of the record. The record unamended is inconsistent; it recites that count 2 was dismissed upon motion of the district attorney; it also recites that the trial judge charged, without any exception being noted thereto, that count 3 had been dismissed, but that the other four counts stand. With the evidence sufficient to warrant the finding of a conviction under count 2, the record may well be deemed to be self-correcting.

3. Count 3, it is admitted, was dismissed, and no conviction found thereunder.

[5-7] 4. The conviction under counts 4 and 5 is sought to be set aside upon the ground that the evidence to sustain the same was obtained by an illegal search warrant. Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647. The search warrant was obtained on September 7, 1923. It was issued upon the affidavit of one Margaret Smith, who was not produced at the trial. The affiant, apart from general conclusions, sets forth in her affidavit no facts of any kind to show reasonable or probable cause to believe that the defendant was violating the Volstead Act, unless it be the allegation that the affiant purchased a pint of moonshine whisky on the defendant's premises on the 4th of July, 1923. There is nothing to justify any inference as to the state of affairs existing more than two months later. When search warrants are required, they cannot be issued without the statutory "affidavit or deposition setting forth the facts tending to establish the grounds of the application or probable cause of believing they exist." We think it clear that the affidavit of a single sale over two months before the making of the affidavit for a search warrant, which under the statute is void unless executed and returned within ten days after its date, was insufficient to justify the issuance of the warrant, and that, as seasonable objection both on motion and at the trial was made thereto, the evidence obtained thereby could not be used against the defendant. Giles v. U. S. (C. C. A.) 284 F. 208; U. S. v. Dziadus (D. C.) 289 F. 837; Murby v. U. S. (D. C.) 293 F. 849; People v. Chippewa Circuit Judge, 226 Mich. 326, 197 N. W. 539. As the conviction under counts 4 and 5 must therefore be set aside, it is unnecessary to consider the objections urged as to the manner of executing the warrant.

[8] 5. We find no error in the trial judge supplementing the charge that no unfavorable inferences are to be drawn from defendant's failure to take the stand, with the further statement that such failure is not, however, equivalent to his going on the stand and testifying. It is an accurate statement of the law, called forth, however, as the court said, solely by counsel's erroneous statement in respect thereto.

[9, 10] 6. Over objection, a witness was permitted to answer whether he had bought whisky from the defendant at any other time. While evidence of other sales is in-

admissible, where, as here, intent, plan, or motive is not in question, yet in the light of the entire evidence we do not consider the error substantially prejudicial, so as to compel a reversal therefor, especially as the question was not objected to until after it and the following question had been answered.

Affirmed as to counts 1 and 2. Reversed as to counts 4 and 5, with directions to award a new trial as to these counts.