**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony F. DADDINO, Defendant–Appellant.**

No. 92–4119.

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1993.

Decided Sept. 16, 1993.

Mark A. Flessner, Asst. U.S. Atty. (argued), Crim. Div., Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

John L. Sullivan, Magidson & Sullivan, Chicago, IL (argued), for defendant-appellant.

Before CUDAHY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Pursuant to this Court's remand, the district court resentenced Anthony F. Daddino ("Daddino"). Nearly two months after the resentencing, the government moved that the district court amend its written sentencing order to provide that Daddino pay the costs of his incarceration and supervision. Through counsel, Daddino objected. The district court responded favorably to the government's motion, treating Daddino's objection as a motion for reconsideration and entering an order amending the written sentence to include payment of those costs. In this appeal, Daddino argues that the district court lacked authority to amend the sentence two months after its imposition. We have jurisdiction to hear this appeal under 18 U.S.C. § 3742(a)(1).[1] We reverse and remand with instructions.

## I.

After a trial, a jury convicted Daddino of one count of conspiracy and three counts of attempted extortion.[2] As a consequence, the district court sentenced Daddino to a term of

---

1. 18 U.S.C. § 3742(a)(1) states that a defendant may appeal an otherwise final sentence if it "was imposed in violation of law." Despite the government's argument to the contrary, we hold that the district court's amendment to Daddino's sentence was imposed in violation of law, because it was entered without authority.

2. The facts of this case are set forth in detail in our prior opinion, *United States v. Schweihs*, 971 F.2d 1302 (7th Cir.1992). Therefore, we will not repeat them here except as necessary for our discussion.

imprisonment, followed by five years of probation and supervision, and ordered him to pay a fine of $10,000, a special assessment of $200, restitution of $21,450, and the costs of his incarceration and supervision. (R. 297-1.) Daddino and his co-defendant appealed. *United States v. Schweihs,* 971 F.2d 1302 (7th Cir.1992). We affirmed Daddino's conviction on appeal, but vacated the resulting sentence and remanded the case for resentencing because the district court had relied on an improper calculation of Daddino's criminal history category. *Id.* at 1324-25.

Pursuant to our remand, the district court orally resentenced Daddino and entered a written sentencing order on October 9, 1992. The court's oral pronouncement of Daddino's sentence contained an ambiguity regarding the payment of the costs of his incarceration and supervision. The written order, however, clearly omitted payment of those costs. With the exception of closing the escrow account that held Daddino's $10,000 fine and $21,450 restitution pending the outcome of his first appeal,[3] the district court took no other action regarding Daddino's sentence until December 4, 1992. On that date, the government orally moved the district court to amend the October 9th order because it did not order Daddino to pay the costs of his incarceration and supervision. Though he alleges that his presence had not been formally requested, Daddino's attorney was present and he objected to the proposed amendment. On December 9, 1992, without any further appearance by Daddino or his counsel, the district court amended the October 9th order to require Daddino to pay those costs. Daddino appeals, arguing that the district court was without authority to alter its October 9th order.

## II.

■ First, we consider whether the district court had authority to enter its December 9th order. Because we hold that the court lacked such authority, we therefore must address the ambiguity created by the

court's October 9th oral pronouncement. Whether the district court had authority to enter its December 9th order is a question of law that we review *de novo. United States v. McGee,* 981 F.2d 271, 273 (7th Cir.1992). The government maintains that the district court had authority for its December 9th order under Federal Rule of Criminal Procedure 36, which provides:

### Rule 36. Clerical Mistakes

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Fed.R.Crim.P. 36. Therefore, we must consider whether the omission of the costs of incarceration and supervision in the October 9th order is the type of clerical mistake subject to correction at any time under Rule 36.

■ The Advisory Committee Notes to Rule 36 state that "[t]his rule continues existing law," citing *Rupinski v. United States,* 4 F.2d 17 (6th Cir.1925). In *Rupinski,* count 3 of an indictment had been dismissed. However, "the journal of the court, through an error on the part of the clerk, recite[d] the dismissal of count 2." *Id.* at 18. The Sixth Circuit affirmed the correction of the record under the "well-recognized exception in the case of mere clerical errors." *Id.* More recent cases and commentary flesh out the parameters of Rule 36 and demonstrate that this exception does not apply to errors made by the court itself. For instance, in *United States v. Guevremont,* the district court attempted to use Rule 36 to correct an error it made when imposing a sentence. 829 F.2d 423, 424 (3rd Cir.1987). The Third Circuit held that because the "errors were made in the oral order itself, they arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36." *Id.* at 426. Other authorities are in accord. *E.g., United States v. Ferguson,* 918 F.2d 627, 630

---

**3.** On December 2, 1992, the district court entered an order directing the Clerk of the Court to "close the escrow account of the defendant Daddino" and to issue checks to "the Treasurer of

the United States for $10,000.00 plus accrued interest; to the FBI for $7,700.00 plus accrued interest; and to William Wemette for $13,750.00 plus accrued interest."

(6th Cir.1990) (substantive alterations in sentences held "not within the ambit of Rule 36"); *United States v. Kaye,* 739 F.2d 488, 491 (9th Cir.1984) ("if the error or omission is indeed a judicial error, rather than a clerical mistake, it is not within the purview of [Rule 36]"); CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 611 (1982) ("[a]n error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]"). The omission of the costs of incarceration and supervision from Daddino's sentence stems from an oversight of the district court itself. Adopting the view of the above authorities, we hold that Rule 36 does not provide authority for the district court's December 9th order.

The other source of authority for the correction of errors by the sentencing court is Federal Rules of Criminal Procedure 35(c). Rule 35(c), however, only applies to those errors that are brought to the attention of a district court within seven days of the imposition of a sentence.[4] Because the district court's attempt to correct Daddino's sentence came two months after it was imposed, it falls well outside of the limited authority provided in Rule 35(c). The Federal Rules of Criminal Procedure do not provide authority for the district court's attempt to correct Daddino's sentence, nor do we find such authority elsewhere. Therefore, we instruct the district court to vacate its December 9th order.

■ Furthermore, when the district court amended Daddino's sentence, the time for either the government or Daddino to commence an appeal had passed. In addition, Daddino had completed serving the incarceration component of his sentence and had paid all of the fines and restitution included in the October 9th order. Therefore, Daddino argues that he had a legitimate expectation of finality in his sentence. In *United States v. Bishop,* we stated that "the Double Jeopardy Clause respects the defendant's 'legitimate expectations' in the finality of his sentence."

774 F.2d 771, 775 (7th Cir.1985), citing *United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437–38, 66 L.Ed.2d 328 (1980). The *DiFrancesco* court held that a defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired," but did not indicate exactly when during the service of a sentence such an expectation arises. 449 U.S. at 136, 101 S.Ct. at 437. In *United States v. Arrellano–Rios,* the Ninth Circuit held that although it is possible for such an expectation to arise earlier, it would certainly have arisen once the defendant completed service of a sentence of incarceration. 799 F.2d 520, 524 (9th Cir.1986); *see also United States v. Foumai,* 910 F.2d 617, 621 (9th Cir.1990) (defendant acquired a legitimate expectation of finality in a reversed conviction when the time for appeal had expired and defendant had completed his sentence on the affirmed conviction by paying the fine). When the district court amended his sentence, Daddino had completed service of his incarceration and paid all fines and restitution; only a portion of his probation and supervised release remained. As a consequence, Daddino acquired a legitimate expectation of finality in both the length of his incarceration and the amount of his fines and restitution. Therefore, the district court could not disturb these aspects of his sentence.

Our holding leaves Daddino's October 9th sentence intact. That sentence is not without a complication of its own, however, since the oral pronouncement of that sentence was not entirely clear. On October 9th, the district court resentenced Daddino using the correct criminal history category, as required by our remand. The court then stated that "[t]he rest of the sentence remains in effect, that is ... [a] probation sentence of five years, restitution in the amount of $21,450, a fine in the amount of $10,000, and a special assessment in the amount of $200." (10/9/92 Tr. at 10.) Daddino's original sentence, which we vacated, had contained these elements in addition to payment of the costs of his incarceration and supervision. Assuming

---

4. Rule 35(c) states:

   **(c) Correction of a Sentence by Sentencing Court.** The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

   Fed.R.Crim.P. 35(c) (effective Dec. 1, 1991).

that the court was referring to Daddino's original sentence, the language creates an ambiguity regarding the payment of the costs of incarceration and supervision. The October 9th written order,· however, clearly omits payment of these costs.

■ Ordinarily, "if the oral and written sentences conflict, the oral language governs." *United States v. Makres*, 851 F.2d 1016, 1019 (7th Cir.1988); *see also United States v. Roberts*, 933 F.2d 517, 519 n. 1 (7th Cir.1991).[5] This rule can only prevail, however, if the oral language is unambiguous.[6] In the rare instance in which the language of an orally-pronounced sentence is ambiguous, courts in other circuits that have considered the question have allowed the written sentencing order to resolve the ambiguity. *United States v. Pugliese*, 860 F.2d 25, 30 (2nd Cir.1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989) ("When ... there is genuine doubt concerning the oral pronouncement of sentence, a commitment order may properly serve the function of resolving ambiguities in the orally pronounced sentence" (internal quotation marks omitted)); *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir.1987) ("When an orally pronounced sentence is ambiguous ... the judgment and commitment order is evidence which may be used to determine the intended sentence"). Applying this doctrine to Daddino's case, we hold that the October 9th written order, which is unambiguous on its face, serves to resolve the ambiguities in the oral pronouncement made the same day. That written order does not include the payment of the costs of incarceration and supervision in Daddino's sentence. Because the district court's December 9th amendment was made without authority, we conclude that the October 9th written order correctly reflects Daddino's sentence.

### III.

For the foregoing reasons, we REVERSE and REMAND with instructions for the district court to vacate its December 9th order amending Daddino's sentence.

---

5. This rule is recognized in nearly every circuit. See *United States v. Lewis*, 626 F.2d 940, 953 (D.C.Cir.1980); *United States v. Pugliese*, 860 F.2d 25, 30 (2nd Cir.1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989); *United States v. Chasmer*, 952 F.2d 50, 52 (3rd Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992); *United States v. Morse*, 344 F.2d 27, 29 n. 1 (4th Cir.1965); *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987); *United States v. Glass*, 720 F.2d 21, 22 n. 2 (8th Cir.1983); *United States v. Bergmann*, 836 F.2d 1220, 1222 (9th Cir.1988); *United States v. Blackner*, 901 F.2d 853, 855 (10th Cir.1990); *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir.1990).

6. *E.g., Pugliese*, 860 F.2d at 30; *Bergmann*, 836 F.2d at 1222; *McAfee*, 832 F.2d at 946; *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir.1987).