**UNITED STATES of America**

v.

**David A. JONES a/k/a Captain Davy Jones, Defendant.**

**Nos. 94–CR–143, 94–CR–341.**

United States District Court, N.D. New York.

Jan. 2, 1996.

Martin, Martin & Woodard, Syracuse, New York, for Defendant (Donald J. Martin, of counsel).

Thomas J. Maroney, United States Attorney, Northern District of New York, Syracuse, New York, for Plaintiff (Elizabeth S. Riker, Assistant U.S. Attorney, of counsel).

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

In the instant motion defendant David A. Jones asks the court for an order correcting his sentence or, in the alternative, permission to withdraw his guilty plea. The court heard oral argument on October 6, 1995, at Syracuse, New York and denied the motion in a decision from the bench. The following constitutes the court's Memorandum–Decision and Order.

### BACKGROUND

In an Indictment dated April 20, 1994, defendant was charged with three counts of wire fraud in violation of 18 U.S.C. § 1343, nine counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one count of knowingly engaging in an illegal monetary transaction affecting interstate commerce in violation of 18 U.S.C. § 1957. April 20, 1994 Indictment, 94–CR–143, Document ("Doc."), 7. On December 7, 1994, a grand jury returned a superseding indictment, expanding the allegations of criminal conduct under the same counts contained in the original indictment. December 7, 1994 Indictment, 94–CR–143, Doc. 42.

In an indictment dated September 28, 1994, defendant also was charged with two counts of perjury in violation of 18 U.S.C. § 1623. It was alleged that during his arraignment on the April 1994 indictment and during a subsequent bail reconsideration hearing, defendant lied about his assets in an application for court-appointed counsel and in a request for modification of the conditions of pretrial release. September 28, 1994 Indictment, 94–CR–341, Doc. 1.

On February 22, 1995, defendant and the government signed a plea agreement. Plea Agreement, Doc. 63 [1]. In exchange for defendant's guilty plea to two counts of wire fraud, the government agreed to recommend to the court the dismissal of all the remaining charges contained in the April, September and December 1994 indictments. Plea Agreement, Doc. 63, at 5. Also on February 22, 1995, defendant plead guilty to the wire fraud charges. Transcript of February 22, 1995 Plea Allocution ("Plea Allocution"), Doc. 72.

In the Presentence Investigation Report submitted to the court, the Probation Department found defendant's total offense level to be 15. The findings were based on the following calculations:

| | |
|---|---|
| Base offense level (§ 2F1.1(a)) | 6 |
| Loss more than $200,000 (§ 2F1.1(b)(1)(I)) | 8 |
| More than minimal planning/ more than one victim (§ 2F1.1(b)(2)) | 2 |
| Obstructing or impeding the administration of justice (§ 3C1.1) | 2 |
| Acceptance of Responsibility (§ 3E1.1) | (3) |
| Total offense level | 15 |

Presentence Investigation Report, attached to Defendant's ("Def.") Notice of Motion, Doc. 77, at 8–9. The Probation Department also found defendant's criminal history category to be I. *Id.* at 9. The sentencing guideline range for an offense level of 15 and a criminal history category of I is 18 to 24 months. U.S.S.G. § 2F1.1 (1994). The maximum term of imprisonment for each count of wire fraud is 5 years. 18 U.S.C. § 1343. The Plea Agreement contained calculations identical to those included in the presentence report, recommending that the court find the total offense level to be 15. Plea Agreement, Doc. 63, at 7.

On August 24, 1995, the court approved the plea agreement and sentenced defendant to a prison term of 18 months on each count of wire fraud, to be served concurrently. Sentencing Minutes, Doc. 67. The court dismissed the remaining counts of the December 7, 1994 Indictment, 94–CR–143, Doc. 42,

---

1. References to docket entries are to case number 94–CR–143, unless otherwise indicated.

and the two perjury charges contained in the September 28, 1994 Indictment, 94–CR–341, Doc. 1. Sentencing Minutes, Doc. 67.

Pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure, defendant asks the court for an order correcting his prison sentence or, in the alternative, for permission to withdraw his guilty plea. Def.'s Notice of Motion, Doc. 77, at 1. Defendant bases his challenge to the sentence on two grounds. First, defendant argues that the two-level enhancement for obstruction of justice was improper because the perjury allegations, which served as the basis for the enhancement, were ultimately dismissed. Secondly, defendant argues that he did not understand at the time of sentencing that the total offense level under the Sentencing Guidelines would be enhanced on the basis of the perjury allegations. *Id.* at 1–2. In particular, defendant claims that although he was aware at the time he signed the plea agreement of the two-level enhancement for obstruction of justice, he did not know that the enhancement was based upon the perjury allegations. *Id.* at 1–2. The two-level enhancement for obstruction of justice increased, according to defendant, the minimum term of imprisonment by 90 days. Affidavit ("Aff."), attached to Def.'s Notice of Motion, Doc. 77, at 2.

## DISCUSSION

Defendant's request to correct the prison sentence must be denied for two reasons. First, defendant filed the instant motion outside the seven-day limitation period. Secondly, even if the instant motion was timely, defendant cannot show as a matter of law that the sentence was imposed as a result of an arithmetical, technical, or other clear error.

### i. Timeliness

Federal Rule of Criminal Procedure 35(c) provides a seven day period during which to bring a motion to correct a sentence. Rule 35(c) provides that the "[c]ourt, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other

clear error." The Second Circuit recently confirmed that this limitation is jurisdictional. *United States v. Abreu–Cabrera,* 64 F.3d 67, 73 (1995) (citing *United States v. Werber,* 51 F.3d 342, 348 (2d Cir.1995); *United States v. Lopez,* 26 F.3d 512, 519 & n. 8 (5th Cir. 1994); *United States v. Morillo,* 8 F.3d 864, 869 (1st Cir.1993) (7–day period is absolute limitation); *United States v. Daddino,* 5 F.3d 262, 265 (7th Cir.1993) (*per curiam* )).

In the case at bar, defendant was sentenced on August 24, 1995, and the Clerk of the Court entered judgment on August 28, 1995. Defendant filed the instant motions to correct the sentence on October 6, 1995. Because the instant motion was filed well outside the seven-day interval allowed by Rule 35(c), the court is without jurisdiction to correct defendant's sentence. *See Abreu–Cabrera,* 64 F.3d at 73, ("According to Rule 35(c), the correction *must* be made *within* seven days of the 'imposition of sentence.' [2]") (emphasis added); *cf. Daddino,* 5 F.3d at 265 (attempt to correct sentence two months late held not within scope of Rule 35(c)). Therefore, because the court lacks jurisdiction, defendant's motion is DENIED.

### ii. Scope of Rule 35(c)

Assuming, *arguendo,* that the instant motion was timely filed, defendant cannot show as a matter of law that the sentence was improper. Defendant's objections do not fall within the scope of Rule 35(c) which requires a showing that the sentence was imposed as a result of an arithmetical, technical error, or other clear error. Defendant first argues that he did not know that the two-level enhancement for obstruction of justice was based on the perjury allegations. Defendant also argues that the two-level enhancement for obstruction of justice was improper because the perjury allegations, which served as the basis for the enhancement, were ultimately dismissed. The court discusses the merits of each of these arguments in turn.

First, the court concludes that defendant's alleged failure to fully understand the plea agreement does not constitute the type

---

**2.** In *Abreu–Cabrera,* the court held that the "imposition of sentence," for the purposes of Rule 35(c), refers to the oral pronouncement of the sentence. *Abreu–Cabrera,* 64 F.3d at 73.

of "obvious technical error" that Rule 35(c) was intended to address. Subdivision (c) of Rule 35

> is intended to be *very narrow* and to extend only to those cases in which an *obvious error or mistake* has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a).

> .    .    .    .    .

> Rule 35(c) provides an efficient and prompt method for correcting obvious *technical errors* that are called to the court's attention immediately after sentencing.

Fed.R.Crim.P. 35 Advisory Committee's Note (emphasis added). Defendant has not sufficiently alleged, in the court's view, that an obvious technical error was committed either by the court or the defendant himself. Defendant's only complaint is that *he* did not *understand* the terms of the plea agreement. The court is unable to locate any precedent for characterizing the alleged error as an obvious technical error within the meaning of Rule 35(c).

Furthermore, defendant's claim that he was not fully aware at the time of his sentencing that the two-level enhancement for obstruction of justice was based on the perjury allegations is incredible. The plea agreement, signed by defendant, expressly states that the two-level enhancement for obstruction of justice was based on defendant's alleged perjury at his arraignment and bail reconsideration hearing. Plea Agreement, Doc. 63, at 6. The plea agreement states:

> The United States and DAVID A. JONES agree that the defendant *deliberately failed to tell the Court that he had assets or personal property at the time of the arraignment and the bail reconsideration hearing,* and therefore a 2–point enhancement for obstructing or impeding the administration of justice, under Guideline Section 3C1.1, is applicable.

Plea Agreement, Doc. 63, at 6 (emphasis added).

The plea agreement contains a second reference to the perjury charges as they relate to the obstruction of justice enhancement:

> [T]he United States Attorney's Office for the Northern District of New York hereby agrees . . . that, based on the parties' stipulation to an obstruction of justice enhancement *based on statements made by [defendant] at his arraignment and a bail reconsideration hearing,* it will also move to dismiss Indictment 94–CR–341 against this defendant.

Plea Agreement, Doc. 63, at 5 (emphasis added). Additionally, during the plea allocution defendant clearly stated to the court's satisfaction that he read the plea agreement. Plea Allocution, Doc. 72, at 14.

■ As to defendant's second basis for challenging his sentence, the court rejects the argument that the two-level enhancement for obstruction of justice was improper because the perjury allegations were ultimately dismissed. The Sentencing Guidelines provide for a two-level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1 (1994). Application Note 3(b) to § 3C1.1 states that the two-level enhancement applies to "committing, suborning, or attempting to suborn perjury." *See also United States v. Johnson,* 968 F.2d 208, 215–16 (2d Cir.1992) (two-level enhancement imposed based on defendant's subornation of perjury). Perjury is defined, for purposes of the Guidelines, as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993).

■ In the case at bar, defendant was charged in the September 1994 indictment with perjury for deliberately failing to disclose during an arraignment and bail hearing that he possessed assets and personal property. It is not necessary that defendant actually be convicted of perjury, as defendant seems to argue, in order for the court to approve the two-level enhancement for obstruction of justice. *See United States v. Fan,* 36 F.3d 240, 246–47 (2d Cir.1994) (ap-

58

proving two-level obstruction of justice enhancement based on district court's findings of perjury). On the contrary, the Guidelines specifically preclude the court from applying the two-level enhancement if a defendant is convicted for obstruction of justice or perjury. U.S.S.G. § 3C1.1, Note 6 (1994). More importantly, in the case at bar defendant expressly *agreed* to the two-level enhancement. Plea Agreement, Doc. 63. Defendant was required to state his objections, if any, prior to being sentenced. "[T]he Committee did not intend that [Rule 35(c)] relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing." *Id.* Lastly, Rule 35(c) does not allow the court to reconsider the application or interpretation of the sentencing guidelines. Fed.R.Crim.P. 35 Advisory Committee's Note. In conclusion, the court rejects defendant's argument that it was improper to apply a two-level enhancement based on defendant's perjury at his arraignment and bail reconsideration hearing.

Therefore, because defendant's objections do not fall within the scope of Rule 35(c), the instant motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion to correct the sentence or, alternatively, to allow the withdrawal of his guilty plea is DENIED.

It is so ORDERED.