UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TAKI MICARIO WASHINGTON, a/k/a
Joey Williams,

*Defendant-Appellant.*

No. 01-4368

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-00-318)

Submitted: May 14, 2002

Decided: June 7, 2002

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Billy Lee Ponds, THE PONDS LAW FIRM, Washington, D.C., for
Appellant. Paul J. McNulty, United States Attorney, Gene Rossi,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Taki Micairo Washington appeals his conviction and life sentence for conspiring to commit eight different drug trafficking offenses between 1992 and 2000, *see* 21 U.S.C. § 846 (1994).[1] Washington contends the district court erred in declining to suppress evidence that was suppressed in an earlier state criminal proceeding against him. Washington also contests the manner in which the district court calculated his sentence. For the following reasons, we affirm Washington's conviction and sentence.

Prior to trial, the district court declined to suppress evidence the United States sought to introduce that was recovered during a search of Washington at an alleged crack house. Washington moved to suppress that evidence because a state court had previously suppressed the evidence, finding the search during which the evidence was discovered violated the Fourth Amendment. We review the district court's legal conclusions supporting its suppression determination de novo and the underlying factual findings for clear error. When applying these standards, we conclude that Washington's challenge is without merit.

In declining to suppress the evidence in question, the district court correctly noted that state suppression rulings are not determinative of the United States' ability to introduce that same evidence in a subsequent federal prosecution, as collateral estoppel would only apply if the United States was a party to the earlier determination in some manner. *United States v. Safari*, 849 F.2d 891, 893 (4th Cir. 1988). Furthermore, we agree with the district court that, based on the facts presented at the suppression hearing, the Government was not represented at that earlier proceeding, and that the search did not violate

---

[1]Those offenses were distribution of cocaine base and marijuana, *see* 21 U.S.C. § 841(a)(1) (1994), distribution of cocaine base and marijuana within 1000 feet of a school or public housing, *see* 21 U.S.C. § 860(a) (1994), distribution of cocaine base and marijuana to a minor, *see* 21 U.S.C.A. § 859 (West 1999), and employment of a minor in distributing cocaine base and marijuana, *see* 21 U.S.C.A. § 861(a) (West 1999).

the Fourth Amendment. *See United States v. Leon*, 468 U.S. 897, 919-22 (1984); *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Accordingly, we affirm the district court's suppression determination.

Washington's challenges to evidentiary determinations underlying various elements of his sentence, which we review for clear error, *see United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989), are equally unpersuasive.[2] The Government presented ample evidence at trial to support the district court's determination that Washington was responsible for distributing 1.5 kilograms of cocaine base over the course of the eight-year conspiracy. Indeed, even calculating the volume of drugs involved in the manner most favorable to Washington, *see United States v. Sampson*, 140 F.3d 585, 592 (4th Cir. 1998), the testimony of Jeff McAllister alone is more than sufficient to support the district court's finding of a base offense level of thirty-eight predicated on Washington's responsibility for distributing 1.5 kilograms of cocaine base.

Next, Washington objects to the enhancement of his offense level for his possession of a firearm during the commission of this offense, in accordance with *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). In applying this enhancement, the district court noted the testimony of several individuals who stated Washington and his confederates hid several firearms in close proximity to the areas in which they distributed crack. Further, Anthony Harris testified he saw both drugs and a firearm in Washington's possession at Washington's apartment. In light of this testimony, we find no error in the district court's application of § 2D1.1(b)(1). *See United States v. Hough*, 276 F.3d 884, 894-95 (6th Cir. 2002); *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998); *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

---

[2]Washington does not challenge the district court's adoption of the recommendation in Washington's presentence report to apply a two-level enhancement for distributing in a protected area under USSG § 2D1.2(a)(1) (supported by Washington's conviction under § 860 (*see* § 2D1.2, comment. (n.1))), and a two-level enhancement for distributing to a minor under § 2D1.2(a)(1) (supported by Washington's conviction under § 859, and cumulatively imposed pursuant to USSG § 1B1.1, comment. (n.4)).

Washington's final objection relates to the district court's application of a three-level enhancement to his offense level for his supervisory role in the conspiracy pursuant to USSG § 3B1.1(b). At Washington's sentencing hearing, the district court identified at least three individuals it found to be involved in Washington's criminal activity, including Harris, whom the district court also found to have been supervised by Washington. In light of the substantial evidence supporting these findings, including Harris' testimony, we find no error in the district court's application of § 3B1.1(b).

Accordingly, we grant the parties' joint motion to correct the joint appendix and affirm Washington's conviction and sentence.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the district court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]We note Washington's judgment and commitment order incorrectly states his total offense level is thirty-eight, rather than forty-seven as established by the district court at sentencing. Because the judgment and commitment order nevertheless accurately reflects the life sentence pronounced by the district court at sentencing, we find no plain error in this discrepancy. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993); *see also United States v. Daddino*, 5 F.3d 262, 266 n.5 (7th Cir. 1993).