UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                          No. 01-4610

WILLIAM PIERCE MOORE,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                          No. 01-4641

MARY FRANCIS MOORE,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellant,*

v.                                          No. 01-4783

MARY FRANCIS MOORE,
                    *Defendant-Appellee.*

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Terrence W. Boyle, Chief District Judge.
(CR-00-1-7-BO)

Submitted: July 18, 2002

Decided: August 5, 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, Ray Colton Vallery, Fayetteville, North Carolina, for Appellants. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

On January 31, 2001, a jury found Mary and William Moore guilty of being accessories after the fact to an interstate kidnapping committed by their son, *see* 18 U.S.C.A. §§ 3, 1201 (West 2000), and William Moore guilty of providing misleading statements to investigating authorities, *see* 18 U.S.C. §§ 2, 1001(a)(2) (1994). The district court subsequently denied the Moores' motions for new trial pursuant to Fed. R. Crim. P. 33. Mary Moore received a sentence of twelve months' home confinement followed by three years' supervised release. William Moore received a twenty-seven month custodial sentence followed by three years' supervised release. In their consolidated brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), in Nos. 01-4610 and 01-4641, the Moores appeal the denial of their Rule 33 motions. While the Moores were each informed of their right to file a pro se supplemental brief, they failed to do so. In its cross-appeal in No. 01-4783, the United States contests Mary Moore's sentence to home confinement. We affirm in all respects.

This Court reviews the denial of a Rule 33 motion for abuse of discretion. *United States v. Russell*, 221 F.3d 615, 619 (4th Cir. 2000). The Moores based their motions on an affidavit of their son's accomplice in the kidnapping, Redell Ivey, in which Ivey purported to recant the testimony he offered at the Moores' trial. However, we find the district court properly determined the Moores' motions failed to satisfy the requirements of Rule 33 for a new trial. *See United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989); *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987).

Nor do we find reversible error in the district court's grant of Mary Moore's motion to depart downward based on her physical condition. This Court reviews a district court's decision to grant a downward departure for abuse of discretion. *United States v. Hairston*, 96 F.3d 102, 106 (4th Cir. 1996). A district court may only take a defendant's physical condition into account in imposing a sentence if that condition constitutes "an extraordinary physical impairment" that makes home detention "as efficient as, and less costly than, imprisonment." *United States Sentencing Guidelines Manual* § 5H1.4, p.s. (2000); *see also United States v. Brock*, 108 F.3d 31, 34-35 (4th Cir. 1997). Because Mary Moore's severe physical limitations restrict her mobility and necessitate extensive and individualized medical care, we find no error in the court's decision to sentence her to home confinement pursuant to § 5H1.4.*

We have examined the record as required by *Anders v. California*, 386 U.S. 738 (1967), and find no other meritorious issues for appeal.

---

*The Government also assigns error to the district court's inclusion of Mary Moore's "lack of criminal history" as an additional basis for its decision to depart downward in its criminal judgment order. The Government's contention that this constitutes a forbidden factor for departing downward is correct. *See* USSG § 4A1.3. However, at her sentencing hearing, Mary Moore sought a downward departure based solely on her physical condition, and the district court noted only this factor in pronouncing her sentence from the bench. Although the district court's written order creates some ambiguity as to the basis for the district court's sentencing decision, we defer to the court's orally pronounced sentence and related justifications. *See United States v. Daddino*, 5 F.3d 262, 266 n.5 (7th Cir. 1993) (collecting cases).

Accordingly, we affirm Mary and William Moore's convictions, as well as the district court's decision to sentence Mary Moore to twelve months' home confinement under § 5H1.4. This Court requires that counsel for each defendant inform his client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*