2009 VT 99

**Michael LETKOWSKI v. Andrew PALLITO**

[987 A.2d 305]

No. 09-315

¶ 1. September 18, 2009. Petitioner Michael Letkowski appeals the Chittenden Superior Court's dismissal of his petition for a writ of habeas corpus, in which he contends that a sentence imposed by the Grand Isle District Court for violating probation conditions was intended to be concurrent, rather than consecutive, to a sentence imposed by the Franklin District Court for violation of probation conditions. We reverse.

¶ 2. In March 2008, petitioner received a suspended sentence of zero to one year in Grand Isle District Court for driving

under the influence. In October 2008, petitioner received three suspended sentences of zero to one year each in Franklin District Court, after he was convicted of engaging in prohibited acts under 13 V.S.A. § 2632(a). These three sentences were consecutive to each other, for an aggregate suspended sentence of zero to three years. However, the Franklin court was apparently not aware of the Grand Isle sentence, and therefore did not specify whether the new sentences were consecutive to, or concurrent with, the prior Grand Isle sentence.

¶ 3. On March 19, 2009, the Grand Isle District Court revoked petitioner's probation for violating the conditions of his suspended sentence. After petitioner motioned for reconsideration, the court held a hearing on April 29 and denied the motion "for time being subject to being renewed in 60 days." Meanwhile, on April 8, 2009, the Franklin District Court also revoked petitioner's probation and ordered him to serve zero to three months on one of the sentences from that court. After the sixty day waiting period imposed by the Grand Isle District Court had passed, petitioner again filed a motion for reconsideration of that court's sentence. The Grand Isle court held a hearing to review the probation violation sentence on August 20, 2009. At the hearing, the court learned of the Franklin sentence for the first time, and stated that petitioner had "done his time that [the court] intended him to do; he [had] done the Franklin time" and that the court "[did not] see the utility of leaving [petitioner] in [jail] at [that] point." The court therefore adjusted petitioner's sentence to five months, with credit for time served, which would result in his immediate release.

¶ 4. In calculating petitioner's aggregate sentence for violating the probation conditions, the Department of Corrections (DOC) relied on separate mittimus orders and did not take into account the Grand Isle District Court's oral ruling in the August 20 hearing. As the Franklin mittimus stated that the Franklin sentences were to run consecutively, DOC calculated those sentences to also run consecutively to the Grand Isle sentence. Thus, DOC calculated the aggregate imposed sentence to expire on November 10, 2009. Petitioner contends that DOC should have followed the Grand Isle court's stated intention that the Grand Isle sentence for violating probation conditions be concurrent to the Franklin sentence, and therefore that he should have been released in August 2009. We agree.

¶ 5. The Grand Isle court's intention that petitioner should be released in August 2009 controls in the present case. Although the mittimus orders are ambiguous as to whether the original Grand Isle and Franklin sentences were consecutive or concurrent, an unambiguous oral sentence controls an ambiguous written sentencing order. *State v. Greene*, 172 Vt. 610, 611 n.*, 782 A.2d 1163, 1166 n.* (2001) (mem.); *United States v. Daddino*, 5 F.3d 262, 266 (7th Cir. 1993). In the instant case, the Grand Isle court stated quite clearly that it intended petitioner to be released in August 2009. Therefore, once the Grand Isle District Court's oral order was brought to its attention, DOC should have relied on that court's stated intention that the sentences be treated concurrently.

¶ 6. DOC contends that if the mittimus orders do not accurately reflect the trial court's sentencing intentions, then the proper remedy is for petitioner to seek an amended mittimus from the sentencing court rather than habeas corpus relief. It is true that habeas corpus relief is not the appropriate remedy for correcting errors in a defective mittimus. *In re Dobson*, 125 Vt. 165, 169, 212 A.2d 620, 623 (1965), *superseded by statute on an unrelated issue, as recognized in State v. Barrette*, 153 Vt. 476, 478, 571 A.2d 1137, 1139

612

(1990). However, in the instant case, the issue is not that the mittimus is erroneous, but rather that it is ambiguous. This ambiguity has been clarified by the court's oral statements in the August 20 hearing specifying that petitioner should have been released in August 2009. We are merely asked to give effect to the trial court's unambiguous oral order that petitioner be released, rather than to correct any sort of mistake in the mittimus.

¶ 7. At the oral argument in this case, DOC argued that the oral order of the Grand Isle District Court was unlawful because it came in response to a motion for sentence reconsideration filed over ninety days after the order revoking petitioner's probation and ordering him to serve the underlying sentence. As noted above, the docket entries indicate that petitioner initially filed a timely motion for sentence reconsideration, but it was "denied for time being subject to being renewed in 60 days." Petitioner renewed the motion, as the court had authorized, and the court acted on the renewed motion with the oral order on which petitioner relies. In essence, DOC now argues that the motion renewal does not relate back to the original timely motion despite that specific court authorization. The State never made this argument in the Grand Isle District Court, nor in the habeas corpus proceeding on appeal to us. Therefore, the State has waived it.

¶ 8. We hold that habeas corpus relief is the proper remedy. As petitioner is being held unlawfully, he is entitled to immediate release.

*The judgment of the superior court is reversed and the writ of habeas corpus is granted, releasing Michael Letkowski from the Chittenden Regional Correctional Facility at South Burlington, Vermont. The mandate shall issue forthwith.*