20-795-cr
United States v. Davis

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-one.

PRESENT:    REENA RAGGI,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
------------------------------------------------------------------
UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                                          No. 20-795-cr

MARCUS BROWN,

        *Defendant,*

RAY DAVIS,

        *Defendant-Appellant.*\*
------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:    Jeremy Gutman, New York, NY

FOR APPELLEE:    TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the February 28, 2020 judgment of the District Court is AFFIRMED.

Ray Davis appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, J.) sentencing him principally to 300 months' imprisonment, following a trial in which Davis was convicted on various counts of conspiracy to commit sex trafficking, 18 U.S.C. § 1594(c); sex trafficking of a minor, id. §§ 1591(a), (b)(1), (b)(2); production of child pornography, id. §§ 2251(a), (e); and distribution of child pornography, id. §§ 2252A(a)(2)(A), (b)(1). Davis challenges his sentence as both procedurally

2

unreasonable and substantively unreasonable.  We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1.  Procedural Reasonableness

In support of his claim that the sentence is procedurally unreasonable, Davis argues that the District Court erroneously applied a two-level vulnerable-victim enhancement under § 3A1.1(b)(1) of the United States Sentencing Guidelines.  We "review[] a district court's application of the Guidelines de novo, while factual determinations underlying a district court's Guidelines calculation[s] are reviewed for clear error."  United States v. Cramer, 777 F.3d 597, 601 (2d Cir. 2015).

U.S.S.G. § 3A1.1(b)(1) applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim."  The District Court applied the challenged enhancement after adopting and specifically relying on an incorrect statement in Davis's Pre-Sentence Report (PSR) that Davis's victim testified at trial that she had informed him that she had run away from an abusive home and been placed in a foster home.  The Government does not

3

contest that this statement was inaccurate, as Davis's victim never so testified.

But we conclude that the District Court's reliance on this incorrect statement was harmless because it had no effect on Davis's Guidelines offense level and sentencing range.  See Cramer, 777 F.3d at 603; United States v. Broxmeyer, 699 F.3d 265, 288 (2d Cir. 2012).

The Guidelines provide that "[a]n offense level of more than 43 is to be treated as an offense level of 43."  U.S.S.G. Ch. 5, Pt. A, cmt. n.2.  Thus, if a Guidelines calculation would result in an offense level of more than 43 even in the absence of an enhancement, the total offense level would be 43, yielding a sentence of life imprisonment.  This provision of the Guidelines "effectively negat[es]" the impact of any erroneous enhancement here, since Davis's total offense level was calculated to be 49 after applying the two-level enhancement.  Broxmeyer, 699 F.3d at 288.  The District Court's error "would necessarily be harmless because it would not, by itself, have made any difference to the calculation of [Davis's] sentencing range."[1]  Id. (quotation marks omitted).  We

---

[1] In his challenge to the substantive reasonableness of his sentence, Davis identifies several additional Guidelines errors that he claims resulted in a manifestly unjust

4

therefore reject Davis's argument that his sentence was procedurally unreasonable.

2. Substantive Reasonableness

Davis also argues that his sentence is substantively unreasonable. "Our review for substantive unreasonableness is particularly deferential." United States v. Singh, 877 F.3d 107, 115 (2d Cir. 2017) (quotation marks omitted). We give "due respect [to] the sentencing court's very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." Id. Here, the District Court imposed a below-Guidelines sentence of 300 months' imprisonment only after carefully considering the factors set forth in 18 U.S.C. § 3553(a) and placing particular weight on the severity of Davis's crimes. On this record, we cannot conclude that the imposed sentence is so "shockingly high . . .

---

sentence, including the District Court's (1) grouping of his offenses under U.S.S.G. § 3D1.4; (2) applying a five-level enhancement under U.S.S.G. § 4B1.5(b); and (3) adding three criminal history points under U.S.S.G. § 4A1.2(a)(1). On appeal, however, he does not assign any procedural error to these applications, and he failed to raise the first two arguments before the District Court. See generally United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007) (holding that "rigorous plain error analysis is appropriate for . . . unpreserved errors" not raised below). We therefore view these challenges as pertaining only to his claim of substantive unreasonableness.

or otherwise unsupportable as a matter of law" as to render it substantively unreasonable.  <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Davis's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

6