UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Ralph BERGMANN, Jr.,
Defendant–Appellant.

No. 87–3064.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1988.

Decided Jan. 12, 1988.

Stephen Cooper, Asst. U.S. Atty., Fairbanks, Alaska, for plaintiff-appellee.

Nancy Shaw, Asst. Federal Public Defender, Anchorage, Alaska, for defendant-appellant.

Before WRIGHT, ALARCON and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Bergmann appeals from denial of his motion under Fed.R.Crim.P. 36,[1] by which he sought to reduce his sentence. He requests, by way of relief, that we remand for reconsideration and for an evidentiary hearing with opportunity for cross-examination.

In an Order dated May 14, 1984 Judge Fitzgerald committed Richard Bergmann to federal custody for a total of six years' imprisonment (five concurrent terms, each of five years' duration; plus four concurrent terms, each of one year's duration). The Order provided explicitly that Bergmann's terms of five years and one year were to run "consecutively, not concurrently."

Two years later, in June of 1986, Bergmann moved to correct his sentence. Bergmann had discovered a discrepancy between his Judgment/Commitment Order and the court reporter's certified transcript of his sentencing hearing. According to the transcript, Judge Fitzgerald ordered

---

debt to Bozek for more than forty-five days before transferring bullion to him.

1. Bergmann relied originally on Fed.R.Crim.P. 35 in moving for correction of his sentence.

The trial court properly treated it as a Rule 36 motion (to correct a clerical error in the record). We shall refer to it as Bergmann's "Rule 36 motion."

that the five-year and one-year terms of incarceration should run "concurrently."

In support of his Rule 36 motion Bergmann pointed to a direct conflict between the sentence imposed in his Judgment/Commitment Order and the sentence apparent in the court reporter's certified transcript. The government opposed Bergmann's motion to "correct" his sentence, and sought to establish that the clerical error lay not in the Judgment/Commitment Order but in the certified transcript of Bergmann's sentencing hearing.

In support of its theory the government advanced three affidavits. The first was from the original prosecuting attorney; the second, from Judge Fitzgerald; and the third, from the original court reporter, who swore that she wished to "correct" her original transcript by filing two "corrected pages" (thereby replacing the crucial word "concurrently" with the word "consecutive").

Judge von der Heydt relied on those affidavits in denying Bergmann's Rule 36 motion:

> The original reporter's transcript is apparently in error. Upon direction of Judge Fitzgerald, the reporter has reexamined her stenographic notes of the May 14, 1984 sentencing. She has filed an amended transcript; the amended transcript comports with the terms of the judgment. The court has also received an affidavit from the Assistant United States Attorney present at the sentencing. His contemporaneous notes indicate that the two groups of sentences were meant to run consecutively, as indicated in the judgment. Finally, Judge Fitzgerald has filed a declaration stating that, while he cannot recall the particular sentencing in question, it was his practice to read any judgment carefully before signing it.
>
> In light of the evidence, it is clear that the judgment correctly set forth the sentence that Judge Fitzgerald intended to impose.

Memorandum and Order of April 15, 1987.

Bergmann moved for reconsideration of that order. He countered the govern-

ment's affidavits with an affidavit from a stenotyping expert, who swore that the word "consecutive" never appeared in the original court reporter's notes.

In denying the motion for reconsideration Judge von der Heydt explained:

> It is the judgment that sets forth the final decision of the court. So long as it is clear that Judge Fitzgerald read the judgment and was aware of its contents before signing it, the particular words spoken or misspoken by the judge at the sentencing hearing cannot show that the judgment was entered in error. Judge Fitzgerald's affidavit shows that he did read the judgment carefully before signing it. Hence, even if the defendant were successful in showing that the amended transcript of the sentencing hearing was erroneous, the court would be unable to conclude that the judgment contained a clerical error.

Memorandum and Order of June 3, 1987.

**ANALYSIS**

"[Fed.R.Crim P.] 36 envisions that the district court will make a factual finding of whether the clerk of the court committed error in describing the sentence imposed by the court." *United States v. Dickie,* 752 F.2d 1398, 1400 (9th Cir.1985). We therefore generally review denial of a Rule 36 motion for clear error. *Id.* That standard governs our review of all "historical facts" found by the trial court. *United States v. McConney,* 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We review questions of law *de novo. Id.* at 1201.

■ Judge von der Heydt misstated the law that governs Rule 36 motions. That law is clear: "The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir.1974). *See United States v. Villano,* 816 F.2d 1448, 1451–52 & n. 5 (10th Cir.1987) (en banc). It is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence.

In *Munoz-Dela Rosa*, the defendant brought a Rule 36 motion one week after his sentencing hearing. He pointed to a direct conflict between the sentence pronounced orally by the court ("concurrently") and the formal judgment ("consecutive") filed three hours later. At the Rule 36 hearing, the sentencing judge

> "explained that he had made a mistake in the oral pronouncement; that he intended to say 'consecutive' not 'concurrent;' that he never gave a concurrent sentence for escape; that 'I misspoke myself.' Defense counsel, a Deputy Federal Defender in Arizona, agreed that from his experience in that Court, 'I am willing to concede that you probably meant consecutive.' "

*Munoz–Dela Rosa*, 495 F.2d at 254. The judge denied the motion. This court reversed. Our analysis there clearly governs the case now before us:

> In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control....
>
> All acknowledge that judges are human and may misstate their intention at the time of sentencing.... Yet ... the interests of justice, in the light of constitutional double jeopardy protections and the defendant's right to be present at the time of sentencing (Rule 43, Federal Rules of Criminal Procedure), and to speak on his own behalf (Rule 32(a)(1), Federal Rules of Criminal Procedure), require strict adherence to the axiom that an unambiguous oral pronouncement of a legal sentence must control.

*Id.* at 256.

■ The dispositive question before Judge von der Heydt was whether the original certified transcript "correctly report-ed" Judge Fitzgerald's oral pronouncement of Bergmann's sentence. In making that determination, the court was bound to look first to the official Reporter's certified transcript. By statute that record is deemed "prima facie" correct. 28 U.S.C. § 753(b).[2] But to say that a certified transcript is *prima facie* correct is to imply that it might, on examination, prove incorrect. *United States v. Smith*, 433 F.2d 149 (5th Cir.1970), *United States v. Carter*, 347 F.2d 220 (2d Cir.1965). *Cf.* Fed.R.Crim.P. 36.[3]

■ Bergmann brought his Rule 36 motion in express reliance on the sentence indicated in the certified sentencing transcript. He was entitled to presume that the transcript was correct. The government, to defeat Bergmann's motion, was required to overcome that presumption.

In its April 15 ruling, the court made only two ostensible findings of fact: first, the "original reporter's transcript was *apparently* in error," and second, "the judgment [Commitment Order] correctly set forth the sentence that Judge Fitzgerald *intended* to impose." (Emphasis added). The first "finding" is curiously crabbed: was the transcript in fact in error, or only apparently in error? The second finding is, by itself, irrelevant. *See Munoz–Dela Rosa.*

In moving for reconsideration of the court's ruling, Bergmann responded to the government's evidence with an affidavit from a stenotype "expert." The court did not directly address Bergmann's new evidence. Rather, it dismissed Bergmann's motion for reconsideration by mistakenly ruling that:

> the particular words spoken or misspoken by the judge at the sentencing hearing cannot show that the judgment is in error.... [E]ven if the defendant were successful in showing that the amended transcript of the sentencing hearing was

---

**2.** Paragraph 5 of that subsection provides: "The transcript in any case certified by the reporter ... shall be deemed prima facie a correct statement of the testimony taken and proceedings had."

**3.** That rule reads: *"Clerical Errors.* Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

erroneous, the court would be unable to conclude that the judgment contained a clerical error.

The government would have us read those words as surplusage, an unnecessary fall-back analysis we should disregard in light of the court's earlier "factual determination" that the transcript was in error. But that earlier determination was no clear finding of fact. And we are not persuaded that the court's persistent misperception of applicable law did not distort its view of the evidence the parties adduced.

We recognize our duty to affirm based on any grounds in the record which validate the lower court's result. *United States v. Stevens*, 548 F.2d 1360, 1363 n. 9 (9th Cir.), *cert. denied*, 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977). We do not find such grounds here.

We reverse and remand for an evidentiary hearing.