960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence NELSON, also known as Larry Nelson, Defendant-Appellant.
 No. 91-2304.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lawrence Nelson, a federal prisoner, appeals pro se from the denial of his motion to correct clerical errors in his sentence filed under Fed.R.Cim.P.36. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P.34(a).
 
 
 2
 Nelson was convicted following a jury trial of three counts: conspiracy to possess with intent to distribute and to distribute controlled substances, distribution of pentazocine, and use of a communication device to facilitate a conspiracy to possess with intent to distribute and to distribute controlled substances. The docket entries and commitment order indicate that Nelson was sentenced to twenty years imprisonment and a $5,000 fine on the first count, three years imprisonment and one year special parole on the second count, and four years imprisonment on the third count, with all sentences to run concurrently. However, the certified transcript of the sentencing proceedings contains only a sentence of three years imprisonment, one year special parole, and a $5,000 fine on the first count. Nelson filed a motion pursuant to Fed.R.Crim.P.36 to correct the commitment order and docket entries to conform with the sentence as stated in the transcript. The district court denied the motion without discussion. On appeal to this court, the order was vacated and the matter remanded for the district court to make specific findings on the disparity between the recorded sentences.
 
 
 3
 On remand, the district court found that the transcript was faulty. The docket entries, commitment order, and other parts of the record all indicated the twenty year total sentence described above. The district court also noted that later in the transcript, she explained to Nelson that she had enhanced the maximum fifteen year penalty on the first count by five years, due to a finding that he was a special dangerous drug offender. The district court noted that at the time of the sentencing hearing, the official court reporter had been suffering from ill health, which had subsequently necessitated his retirement. Accordingly, the motion to correct the record was again denied. On appeal, Nelson argues that the district court refused to review the official transcript and based its decision on matters not in the record.
 
 
 4
 Upon review, it is concluded that the district court's finding that the transcript is faulty is not clearly erroneous. See United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988). Nelson's argument that the district court refused to review the transcript is meritless. The transcript in this case was ambiguous, as it contained no sentence for two of the three counts on which Nelson was convicted, and was internally inconsistent, as the sentence of three years stated does not conform with the later explanation that the maximum penalty had been enhanced by five years. The court was therefore justified in consulting the written commitment order and the rest of the record in determining the correct sentence. See United States v. Khoury, 901 F.2d 975, 977 (11th Cir.1990); United States v. Villano, 816 F.2d 1448, 1451 (10th Cir.1987) (en banc).
 
 
 5
 Accordingly, the denial of this motion to correct sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.