972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelly CLAY, Defendant-Appellant.
 No. 91-30333.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided July 31, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kelly Clay appeals the district court's denial of his motion for correction of an alleged clerical error in a written judgment fining him ten thousand dollars. He argues that the sentencing judge orally assessed a conditional fine, and that an oral sentence prevails over a contradictory written judgment. We affirm.
 
 Fed.R.Crim.P. 36 provides that:
 
 3
 Clerical mistakes in Judgments, Orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the Court at any time and after such notice, if any, as the Court orders.
 
 
 4
 Rule 36 "envisions that the district court will make a factual finding whether the clerk of the court committed error in describing the sentence imposed by the court." United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988) (citations omitted). We review denial of a Rule 36 motion for clear error. Id.
 
 The district court's oral sentence stated:
 
 5
 So it is the judgment of this Court that you be sentenced to the custody of the Attorney General, for a period of ten (10) years. And that you pay--if you have assets that aren't disclosed--that you have, and appears you capable of paying, I'm going to assess a fine against you of Ten Thousand Dollars ($10,000.00).
 
 
 6
 The written judgment provided that Clay must unconditionally pay a ten thousand dollar fine.
 
 
 7
 Clay argues that his oral sentence only assessed a conditional fine, and that the terms of this oral judgment take precedence over conflicting terms in his written sentence. In United States v. Munoz-Dela Rosa, 495 F.2d 253, 255 (9th Cir.1974), we stated that a written commitment controls an oral judgment when the oral pronouncement is ambiguous and the written judgment clarifies the ambiguity. However, "where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control." Id. at 256.
 
 
 8
 The district court found that the oral and written sentences were not contradictory because the sentencing judge knew that the defendant was attempting to hide assets and that the fine was "based on the evidence [the trial judge] heard of undisclosed assets and cash." Although the trial court's oral sentence was not a model of clarity, Judge Callister's subsequent interpretation was not unreasonable. An ambiguous oral sentence does not prevail over a clearly written judgment. See Munoz-Dela Rosa, 495 F.2d at 255. Because Bergmann was based upon the district court's misapplication of law, not an ambiguity between the written and oral sentences, we need not remand for an evidentiary hearing. See Bergmann, 836 F.2d at 1223 ("we are not persuaded that the court's persistent misperception of applicable law did not distort its view of the evidence the parties adduced."). We find no clear error.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3