**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
v.
Francisco R. **Santos**,
Defendant/Appellant.
Appeal No. 95-008
Criminal Case No. 90-0191
April 16, 1996

Submitted on Briefs January 23, 1996[*]

Counsel for appellant: Eric S. Basse, Saipan.

Counsel for appellee: Loren Sutton, Assistant Attorney General, Saipan.

---

[*] The panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Com. R. App. P. 34(a).

348

BEFORE: VILLAGOMEZ and ATALIG, Justices, and LIZAMA, Special Judge.

ATALIG, Justice:

■ The defendant, Francisco R. Santos ("Santos"), appeals from a February 16, 1995, order revoking his probation. This Court has jurisdiction pursuant to 1 CMC § 3102(a). We affirm the order on other grounds.

## ISSUE PRESENTED AND STANDARD OF REVIEW

The dispositive issue on appeal is whether the court erred in revoking Santos's probation for violation of a condition in a written order issued subsequent to an oral order in which no probation conditions were noted.

■ We review a revocation of probation for an abuse of the court's discretion. *See United States v. Gallo*, 20 F.3d 7, 13 (1st Cir. 1994) (citing *Burns v. United States*, 287 U.S. 216, 222, 53 S. Ct. 154, 156, 77 L. Ed. 266 (1932)); *United States v. Dane*, 570 F.2d 840, 843 (9th Cir. 1977), *cert. denied*, 436 U.S. 959, 98 S. Ct. 3075, 57 L. Ed. 2d 1124 (1978).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 1991, Santos, by a written and accepted plea agreement, pled "no contest," or "nolo contendere," to two counts of receiving stolen property under 6 CMC § 1606. That same day, Santos was sentenced, from the bench, to five years in jail, four years of which were suspended. The court stated that during those four years, Santos "would be on probation." The court then stated: "That is your sentence, do you have any questions, Mr. Santos?" Santos replied: "No, sir."[1]

On May 29, 1991, the court issued a written "Order of Probation/Commitment" stating:

> The Defendant shall be on supervised probation and shall obey all laws of the Commonwealth.

The Defendant shall report to the Department of Corrections on July 24, 1991 at 6:00 p.m. for his one (1) year incarceration. The foregoing disposition was agreed upon by the parties.

*Commonwealth v. Santos*, Crim. Nos. 90-0191 & 91-0046 (consol.) (N.M.I. Super. Ct. May 29, 1991) (order at 2).

On July 24, 1991, Santos began serving his one year jail term. After his release, and during the four year probationary period, Santos was arrested for and convicted of burglary, in violation of 6 CMC § 1801(a), and theft, in violation of 6 CMC § 1601(a). *See Commonwealth v. Santos*, Crim. No. 94-0033 (N.M.I. Super. Ct. Dec. 29, 1994) (Judgment and Probation/Commitment Order). This case is currently on appeal before this Court. *See* Appeal No. 95-002 (filed Jan. 19, 1995).

Upon motion of the CNMI, a revocation hearing for Santos was held under Com. R. Crim. P. 32.1(a)(2). Santos argued that because he did not receive notice of any conditions at the sentencing hearing, his probation was unconditional.[2] Further, he argued that the oral sentencing order was inconsistent with and, hence, superseded the subsequent written order issued the next day which contained the condition that he "shall obey all laws." 1210C Tape of Proceedings at counter 1295-1320, *Santos*, Crim. No. 90-0191 (N.M.I. Super. Ct. Dec. 12, 1994). The CNMI countered that because the record showed that Santos's attorney was served with the written order, Santos effectively had notice of the condition therein. It also argued that obeying laws is an implied condition attached to all probationary periods. *Id.* at counter 1460-1510.

In addressing the "fair warning" component of a probationer's due process rights, the trial court concluded that comportment with the law is an implicit condition of any probation term and that the knowledge that criminal behavior may result in revocation of probation may be imputed to a probationer. Hence, the court concluded that any lack of notice to Santos that he was to obey all laws "is of no consequence when, as here, the Defendant violated a condition of probation that is implicit in the term 'probation.'" *Santos*, Crim. No. 90-0191 (N.M.I. Super. Ct. Feb. 16, 1995) (order). Santos timely appealed.

---

[1] Transcript of Proceedings at 8-9 (May 28, 1991). Two criminal cases had been brought against Santos, Crim. Nos. 90-0191 and 91-0046. These cases were consolidated and, under the plea agreement, all three counts in Crim. No. 91-0046 and the first count in Crim. No. 90-0191 were dismissed with prejudice. Under the plea agreement, Santos pled nolo contendere to the remaining two counts in Crim. No. 90-0191. *See* Plea Agreement *in* Appellant's Excerpts of Record at 5.

---

[2] 1210C Tape of Proceedings at counter 1270-93, *Santos*, Crim. No. 90-0191 (N.M.I. Super. Ct. Dec. 12, 1994).

## ANALYSIS

Santos contends that he received no notice that a subsequent violation of the law could serve as a basis for revocation of his probation, and that to revoke his probation absent such notice was a violation of his rights under the Due Process Clause of the U.S. Constitution. Specifically, he argues that there were no conditions attached to the oral sentencing order and that the written order issued the next day was inherently ambiguous, in that it was not clear that the term "obey all laws" was a condition. Hence, he argues that these orders are in "direct conflict," and, as such, the unambiguous and unconditional oral order prevails. Further, he contends that there is no evidence that he was ever served with notice of the written order. Appellant's Brief at 5-6.

■ For the following reasons, we conclude that Santos received notice of the written condition that he obey all laws. Hence, the court did not abuse its discretion in revoking Santos's probation based on his subsequent criminal conviction. Accordingly, we need not reach the constitutional issue he raises.[3]

■ "We may consider an issue raised for the first time on appeal if: (1) it is one of law not relying on any factual record; (2) a new theory or issue has arisen because of a change in law while the appeal is pending; or (3) plain error occurred and an injustice might otherwise result unless we consider the issue." *Castro v. Hotel Nikko Saipan, Inc.*, 4 N.M.I. 268, 276 (1995), *appeal dismissed*, 96 F.3d 1259 (9th Cir. 1996). Santos raises two issues for the first time on appeal, issues to which none of these three exceptions apply.

First, Santos now argues that the language of the written order was ambiguous as to whether the term "obey all laws" imparted a condition upon his probation. This argument was not raised before the trial court. Indeed, at the revocation hearing, Santos acknowledged that the written order contained a condition that he "obey all laws." See factual and procedural background, *supra*.

Additionally, Santos now contends that there is no evidence in the record that he was ever served personally

with the written order containing the language that he remain law abiding while on probation. This contention, however, is irrelevant in light of the unrebutted facts presented at the revocation hearing and our procedural rules.

■ At the revocation hearing, the CNMI stated that the record evinced that Santos's attorney was served with a copy of the written order. Santos did not rebut this factual assertion at the hearing, nor does he contend otherwise on appeal. Because the record indicates, and Santos does not dispute, that Santos's attorney did receive a copy of the written order,[4] he was appropriately served under our procedural rules.

■ Under Com. R. Crim. P. 49(b), where service is required either under the criminal rules or by court order

> to be made upon a party represented by an attorney, *the service shall be made upon the attorney unless service upon the party herself/himself is ordered by the court.* Service upon the attorney or upon a party shall be made in the manner provided in civil actions.

(Emphasis added.)

Because Santos was served, through his attorney in accordance with our rules, with a copy of the written order, he received notice of the condition in that order.

■ Furthermore, that Santos received notice of the condition one day after the sentencing hearing does not imply that Santos was deprived of his right to fair warning of any conditions that could violate his probationary status. *See, e.g., Dane*, 570 F.2d at 842-44.[5]

■ Finally, Santos's argument that the "unconditional" oral and "conditional" written orders are in direct conflict is without merit. Santos correctly notes that where oral and written criminal sentencing orders vary,

---

[3] We note that Crim. No. 94-0033, which served as the basis for the revocation of Santos's parole, is currently on appeal before this Court. See factual and procedural background, *supra*. However, because the standard of proof for a probation revocation is less than that in a criminal trial, see *United States v. Guadarrama*, 742 F.2d 487, 489 (9th Cir. 1984) ("The judge may revoke probation when reasonably satisfied that a state or federal law has been violated, and conviction is not essential"), and because Santos did not move for a suspension of the sentences imposed in either appeal, pending their resolution, we deem the two appellate matters independent.

[4] Under our civil rules, service upon a party's attorney is accomplished by either delivery, mail, or by leaving the paper with the clerk of court. Com. R. Civ. P. 5(b). Pursuant to Com. R. Prac. 6(a), papers left with the clerk are left in "a box . . . maintained in the Clerk's office for the attorney." The record indicates that a copy of the order was left in the court box designated for Santos's attorney.

[5] In *Dane*, the Ninth Circuit upheld the revocation of a probationary period, concluding that the probationer received adequate notice of a special condition listed on the back of a written order and later explained to him by a probation officer. The court reached this conclusion notwithstanding that "in open court, the district judge did not verbally specify any conditions for the noncustodial period of probation." *United States v. Dane*, 570 F.2d 840, 842-44 (9th Cir. 1977), *cert. denied*, 436 U.S. 959, 98 S. Ct. 3075, 57 L. Ed. 2d 1124 (1978).

an unambiguous oral order prevails, unless the written order is corrected under Com. R. Crim. P. 36. *See* 3 Charles A. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2D § 534 (1982) (citing cases construing Fed. R. Crim. P. 36); *United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987).

■ "[T]he sentence in a . . . criminal case is the punishment imposed orally by a sentencing judge in a defendant's presence." *Villano, supra*. Probation is imposed where either the imposition or execution of a sentence is suspended, see 6 CMC §§ 4105 (imposition), 4113(a) (execution), and the probationary period itself comprises a portion of the sentence. *See Commonwealth v. Oden*, 3 N.M.I. 186, 198-200 (1992), *aff'd*, 19 F.3d 26 (9th Cir. 1994). The actual sentence imposed upon Santos of five years, four of which were suspended under 6 CMC § 4113(a), is the same in both the oral and written orders.

■ The *conditions* attached to a probationary period are not part of the punitive sentence contemplated by the rule of law Santos advances. Instead, conditions are intended to "serve the purpose of giving notice of proscribed activities," which may result in *revocation* of probation, *Dane*, 570 F.2d at 843, and guide the defendant in his conduct while on probation. *Felix*, 994 F.2d at 552 (noting that the ultimate goal is "notice and guidance for the defendant").[6] The notice Santos received that he was to obey all laws in the CNMI was sufficiently clear to serve as a guide for his expected behavior during the probation term.

## CONCLUSION

Based on the foregoing, we hereby **AFFIRM** the February 16, 1995, order granting the revocation of the defendant Francisco R. Santos's probation.

---

[6] The cases cited by Santos in support of his argument that the oral and written sentences are in conflict are factually inapposite to this matter. For example, in *United States v. Bergmann*, 836 F.2d 1220, 1220-21 (9th Cir. 1988), a Ninth Circuit case cited by Santos, the improper variance between the oral and written sentencing orders was that in the former, two sentences were to run concurrently, and in the latter, consecutively. This sort of variance directly impacted upon the amount of time during which the defendant was to be incarcerated, and is an example of the sort of "direct conflict," *id.* 836 F.2d at 1222, with which courts should be concerned. Such a conflict is not presented here.