**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gina BEITLER, aka Gina Hainline,
Defendant–Appellant.**

**No. 01–50418.
D.C. No. CR–00–00028–DOC–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM**

Gina Beitler appeals the imposition of
restitution after pleading guilty to tax eva-
sion, in violation of 26 U.S.C. § 7201. We
have jurisdiction under 28 U.S.C. § 1291
and 18 U.S.C. § 3742. We review for
plain error, *United States v. Zink*, 107
F.3d 716, 718 (9th Cir.1997), and we af-
firm.

Beitler contends that the district court
lacked statutory authority to order restitu-
tion to the Internal Revenue Service. We
disagree. *See* 18 U.S.C. § 3563(b)(2) (giv-
ing the district court discretion to order
restitution as a condition of probation).

To the extent that Beitler relies on the
sequence of orders in the written judg-

ment order to contend that restitution was
not imposed as a condition of her proba-
tion, this contention is unavailing. First,
the judgment expressly stated as a condi-
tion of her probation that Beiler must pay
taxes owed for the years of conviction.
Second, the sentencing hearing was unam-
biguous as to the district court's order that
$800 monthly restitution payments were to
be made during probation. *See United
States v. Bergmann*, 836 F.2d 1220, 1222
(9th Cir.1988) (stating that a judge's oral
sentence pronouncement, not the words of
a judgment or commitment order, are con-
trolling).

Finally, Beitler asserts that the court
should not apply the express directive of
U.S.S.G. § 5E1.1(g), which states that the
earlier version of § 5E1.1 applies to of-
fenses committed prior to November 1,
1997, because it would create uncertainty.
Again we disagree, because the guideline
is clear. *See* U.S.S.G. § 5E1.1(g);
§ 5E1.1 (1997).

**AFFIRMED.**

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.