UNITED STATES of America, Plaintiff—Appellee,

v.

Edward B. GALLUP, Defendant—Appellant.

No. 04-30378.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided June 30, 2005.

Susan M. Harrison, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Sheryl Gordon McCloud, Esq., Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM *

Defendant Edward B. Gallup appeals from the district court's denial of his motion to extinguish a statutory lien that secures his $6.1 million restitution obligation. We affirm.

An unambiguous oral pronouncement of sentence governs over an inconsistent written sentence. *United States v. Bergmann,* 836 F.2d 1220, 1222 (9th Cir. 1988). Here, however, we are persuaded that the orally pronounced sentence is capable of more than one plausible interpretation with respect to whether Defendant's restitution obligation extends beyond the period of supervised release. For present purposes, therefore, the oral pronouncement is ambiguous.

If an oral pronouncement of sentence is ambiguous, then an unambiguous written judgment controls. *Fenner v. United States Parole Comm'n,* 251 F.3d 782, 787 (9th Cir.2001). The written judgment makes the $6.1 million restitution obligation a freestanding term of Defendant's sentence and orders "that the defendant pay any such restitution that remains unpaid at the completion of the term of supervised release." Defendant is not entitled to abatement of that obligation merely because the district court granted his unopposed motion to terminate prematurely his term of supervised release. Because the restitution obligation has not been satisfied, the district court properly concluded that the lien remains in place.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.