UNITED STATES of America,
Plaintiff—Appellee,

v.

Ernesto GALLEGOS, Defendant—
Appellant.

No. 04–50107.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Ernesto Gallegos appeals the sentence imposed in a corrected judgment entered after his guilty plea to attempted entry after deportation, in violation of 8 U.S.C. § 1326. He contends that pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in increasing his sentence under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) on the ground that he previously was deported after a conviction for an aggravated felony, the district court should have required proof beyond a reasonable doubt of the temporal relationship between the prior conviction and the deportation. He also contends that in calculating his criminal history score, the district court should have required proof beyond a reasonable doubt of whether the prior sentences were relevant conduct under U.S.S.G. § 1B1.3(a), whether the prior sentences were related under U.S.S.G. § 4A1.2(a)(2), whether Gallegos was under a criminal justice sentence under U.S.S.G. § 4A1.1(d), and the date of his prior release under U.S.S.G. § 4A1.1(e).

The government contends that this appeal should be dismissed because in his plea agreement, Gallegos waived his right to appeal his sentence. Gallegos argues that the district court's advice that he had the right to appeal superceded his written waiver under *United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995). The district court stated only that Gallegos had the right to appeal its decision to correct the judgment to conform with the oral pronouncement of sentence. This statement did not supercede Gallegos's waiver of his right to appeal the sentence itself. *Cf. id.; see also United States v. Bergmann,* 836 F.2d 1220, 1221 (9th Cir.1988) (holding that the only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant). Accordingly, we enforce the appeal waiver. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005).

DISMISSED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.