**UNITED STATES of America, Plaintiff—Appellee,**

v.

**T.K.N., a juvenile, Defendant—Appellant.**

**No. 07–30333.**

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2008.*

Filed July 16, 2008.

R.App. P. 34(a)(2).

Before: BRUNETTI, SILVERMAN,** and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Appellant T.K.N. ("Juvenile"), was accused in an information of violating 18 U.S.C. §§ 1153(a) and 81. After Juvenile pleaded true (guilty) to arson as an act of juvenile delinquency, the district court ordered that Juvenile "shall comply with Sexual Offender Registration requirements for convicted offenders in any state in which the Juvenile resides," based on the district court's knowledge that Juvenile had previously pleaded true to one count of abusive sexual contact. Juvenile's counsel objected, contending that the court ordered Juvenile to actually register as a sex offender. On appeal, Juvenile challenges the court's imposition of the special conditions of probation to comply with local sex offender registration and violent offender registration statutes.

This court reviews the conditions of supervised release for an abuse of discretion.

United States v. T.M., 330 F.3d 1235, 1240 n. 2 (9th Cir.2003). "The district court has broad discretion in setting conditions of supervised release, including restrictions that infringe on fundamental rights." United States v. Bee, 162 F.3d 1232, 1234 (9th Cir.1998). Errors that counsel failed to object to at sentencing are reviewed for plain error and relief will be granted only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Rodriguez–Rodriguez, 441 F.3d 767, 772 (9th Cir.2006).

A special condition of supervised release "is a part of the district court's sentence, which is a final judgment subject to immediate appeal." Id., at 771–72. A defendant may facially challenge a condition of supervised release upon direct appeal. See United States v. Williams, 356 F.3d 1045, 1051 (9th Cir.2004). To the extent Juvenile challenges the legality or constitutionality of the imposition of the requirements that he comply with local registration statutes, his claims are ripe.

In this case, the district court did not order Juvenile to register as a sex offender or register as a violent offender. Instead, the district court ordered Juvenile to comply with any state registration requirements if they applied. Compliance with state offender registration requirements is reasonably related to the sentencing goals of protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C); see also Mont.Code Ann. § 46–23–508(1)(b) (providing for disclosure of registration information relevant to the public if agency determines that a registered offender is a risk to safety and dis-

---

** This case was argued before Ferguson, Brunetti, and Callahan, Circuit Judges. Following Judge Ferguson's death, Judge Silverman was substituted for Judge Ferguson. Judge Silverman has read the briefs and reviewed the record.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

closure may protect the public). Ordering compliance with state law is no different than imposing a condition that the defendant not commit another Federal, state, or local crime while on supervised release, and does not restrict Juvenile's liberty any more than is reasonably necessary.[1] *See* Mont.Code Ann. § 46–23–507 (making failure to register a felony); 18 U.S.C. § 3583(d). Therefore, the district court's imposition of special conditions directing compliance with state registration laws was proper, and Juvenile's facial challenges to the special conditions fail.[2]

AFFIRMED.

---

1. Because ordering compliance with state sexual offender registration is proper, it follows that it is not plain error to order compliance with local violent offender registration requirements.

2. If the court later revokes Juvenile's supervised release based on these conditions, Juvenile may bring an as applied challenge to the conditions at that time.