# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

   v.

W.P.L., a juvenile,
    *Defendant-Appellant.*

No. 10-30202

D.C. No.
6:03-cr-00022-
CCL-1

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Submitted March 7, 2011*
Portland, Oregon

Filed March 14, 2011
Amended March 30, 2011

Before: Sidney R. Thomas, Susan P. Graber, and
Richard C. Tallman, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

Michael Donahoe, Federal Defenders of Montana, Helena, Montana, for the defendant-appellant.

Paulette L. Stewart, Assistant United States Attorney, Helena, Montana, for the plaintiff-appellee.

## ORDER

The per curiam opinion filed March 14, 2011, is amended as follows:

On slip opinion page 3545, lines 1-4, delete: "*See United States v. T.K.N.*, 286 F. App'x 388, 389-90 (9th Cir. 2008) (unpublished) (rejecting a facial challenge to a nearly identical condition of supervised release)." and replace with:

> *See United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007) (rejecting a challenge to a term of supervised release that the defendant " 'register as a sex offender under state law if required to do so' " because "it is axiomatic that a district court can include as a condition that the defendant obey the law").

On slip opinion page 3545, lines 11-14, delete: "*See id.* at 390 n.2 (holding that the defendant may bring an as-applied challenge to a nearly identical condition of supervised release only if the district court later revokes supervised release)."

The original due date for filing petitions for rehearing and rehearing en banc shall remain in effect.

---

## OPINION

PER CURIAM:

Defendant W.P.L., a juvenile, appeals the district court's imposition of a condition of supervised release that he register as a sex offender "if required by law." Reviewing for abuse of discretion, *United States v. T.M.*, 330 F.3d 1235, 1240 n.2 (9th Cir. 2003), we affirm.

The district court did not make a legal determination that Defendant must register as a sex offender. Instead, it imposed the condition that he register only "if required by law."[1] It is within a district court's discretion to impose a condition of supervised release that a defendant comply with mandatory legal duties. 18 U.S.C. § 3553(a). Indeed, district courts commonly and properly impose a condition of supervised release that the defendant not violate federal, state, or local laws. We therefore reject Defendant's facial challenge to the condition

---

[1]Defendant expresses concern that the district court's oral pronouncement at the sentencing hearing varies from its written pronouncement, quoted in text. *Cf. United States v. Bergmann*, 836 F.2d 1220, 1222 (9th Cir. 1988) (holding that, in cases of direct conflict between a court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls). We see no direct conflict. In context, it is apparent that the condition placed on Defendant's supervised release was that he comply with federal and state sex-offender registration requirements. If those requirements do not apply to him, then compliance with the district court's oral pronouncement requires nothing of him.

of supervised release. *See United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007) (rejecting a challenge to a term of supervised release that the defendant " 'register as a sex offender under state law if required to do so' " because "it is axiomatic that a district court can include as a condition that the defendant obey the law").

Our decision does not foreclose an as-applied challenge in some later proceeding should the district court revoke Defendant's release and should Defendant seek to challenge whether he was subject to the particular registration law at issue. In this appeal, though, the question whether Defendant must in fact register under federal or state law is not ripe for decision.

**AFFIRMED.**