

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35209 |
| Plaintiff - Appellee, | D.C. Nos.    9:11-cv-00035-DWM |
| v. | 9:08-cr-00067-DWM |
| SALVATORE RICHARD CACCAVALLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted February 7, 2013[**]
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Salvatore Caccavallo appeals the district court's denial of his 28 U.S.C.

§ 2255 motion. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On December 22, 2011, we granted Caccavallo a certificate of appealability on three issues: "(1) whether the district court erred by prohibiting appellant from possessing or using medical marijuana as a special condition of supervised release; (2) whether the district court erred by imposing as a special condition of supervised release the requirement that appellant register as a sex offender; and (3) whether counsel [for Caccavallo] rendered ineffective assistance by failing to challenge the special conditions of supervised release at issue in claims (1) and (2)." *United States v. Caccavallo*, No. 11-35209 (9th Cir. Dec. 22, 2011) (order granting certificate of appealability).

The certificate of appealability slightly mischaracterized the special conditions of supervised release. The district court did not require that Caccavallo register as a sex offender. It instead required only that Caccavallo "comply with all applicable state and federal sexual offender registration requirements." The district court has the discretion to impose as a condition of supervised release that a defendant comply with mandatory legal duties. *United States v. W.P.L*, 641 F.3d 1036, 1037 (9th Cir. 2011) (citing 18 U.S.C. § 3553(a)). We reject Caccavallo's challenge to the condition relating to federal sex offender registration.

The district court did not err in imposing as a special condition of supervised release that Caccavallo "shall not purchase, possess, use, distribute or administer

marijuana, or obtain or possess a medical marijuana card." The federal Controlled Substances Act prohibits possession of marijuana outside of government-approved research projects, *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 489–90 (2001), and Congress prohibited all defendants from unlawfully possessing controlled substances during their terms of supervision, *United States v. Lafley*, 656 F.3d 936, 941 (9th Cir. 2011) (citing 18 U.S.C. § 3583(d)). The condition that Caccavallo not obtain or possess a medical marijuana card helps him avoid returning to his admitted drug abuse. The condition "involve[s] no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007) (quoting *United States v. Sales*, 476 F.3d 732, 735 (9th Cir. 2007)).

Because the district court was entitled to impose both of these special conditions of supervised release, Caccavallo was not prejudiced by his counsel's failure to object to these special conditions of supervised release, and his counsel's legal performance was not deficient. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

AFFIRMED.