FILED

FEB 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CESAR MOROYOQUI-GUTIERREZ,

Defendant - Appellant.

No. 14-50335

D.C. No. 3:13-cr-02519-BEN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 8, 2014
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.[**]

Defendant Cesar Moroyoqui-Gutierrez appeals the district court's

determination that he is incompetent to stand trial for criminal charges of illegal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert Holmes Bell, District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

reentry into the United States after deportation in violation of 8 U.S.C. § 1326. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. An order finding a defendant incompetent and referring him for evaluation and treatment is an immediately appealable collateral order. *United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004). We review de novo whether the district court applied the correct legal standard. *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950, 957 (9th Cir. 2010). We review a district court's determination that a criminal defendant is incompetent to stand trial for clear error. *Friedman*, 366 F.3d at 980.

The district court correctly applied the preponderance of the evidence legal standard as required by the Insanity Reform Act, 18 U.S.C. § 4241(d). Defendant argues the district court applied the incorrect standard because the district court orally stated an incorrect legal standard on the record during the competency hearing on July 18, 2014. Nevertheless, the district court issued a written order applying the correct preponderance standard. The rule that a district court's oral ruling overrides a subsequent written order applies in the sentencing context, *United States v. Bergmann*, 836 F.2d 1220, 1222 (9th Cir. 1988), but outside of that context the district court's written order is the operative decision. *Ellison v. Shell Oil Co.,* 882 F.2d 349, 352 (9th Cir. 1989) ("Oral responses from the bench may fail to convey the judge's ultimate

2

evaluation. Subsequent consideration may cause the district judge to modify his or her views.") Although this order was initially drafted by counsel for the government, the court edited and amended the order to make an express finding that Defendant is incompetent to stand trial by a preponderance of the evidence. *See id.* (rejecting the argument that the prevailing party's drafting of the order was relevant.)

The district court's finding is well-supported by the record. The court reviewed expert reports, listened to testimony from both defense expert Dr. Bruce Yanofsky and independent expert Dr. Matthew Carroll, and noted the conflicting recommendations of the two experts. The evidence included Dr. Yanofksy's diagnosis that Defendant suffered Delusional Disorder, Grandiose Type, based on his belief that he is a prophet who illegally entered the United States in his mission to seek out "the doors of David" and the "Tree of Life and the honey that seeps from it;" and Dr. Carroll's interview with Defendant, at which time Defendant stated he hoped he could have the judge decide his case because "the [j]udge is the best person to receive what [he has] to do" and if the judge "receives" the spirit, then he would be found innocent. The court found Dr. Carroll's report and testimony persuasive, and determined that Defendant did not appreciate the legal defenses available to him nor the consequences of conviction. "In performing its fact-finding and credibility functions, a district court is free to assign greater weight to the findings of experts produced by the Government

than to the opposing opinions of the medical witnesses produced by the defendant." *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002) (citation omitted). Given that the nature of Defendant's delusions go to the core of his legal defense, the district court was not clearly erroneous in finding by a preponderance of the evidence that Defendant was not then competent to stand trial.

For the foregoing reasons, the order of the district court is

**AFFIRMED.**