In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 14-3157

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSHUA DOWNS,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:12-cr-30248-MJR-5 — **Michael J. Reagan**, *Chief Judge.*

———————————

SUBMITTED APRIL 14, 2015 — DECIDED MAY 5, 2015

———————————

Before POSNER, FLAUM, and ROVNER, *Circuit Judges.*

POSNER, *Circuit Judge*. The appellant, who had been sentenced in 2013 to five years of probation for a drug offense, violated the terms of his probation just over six months later by, among other things, causing an accident and a resulting injury to another person by driving while drunk. At a hearing to revoke his probation, the judge sentenced the appellant to a year and a day in prison to be followed by ten years

of supervised release. The appeal challenges the length of the term of supervised release.

The district judge omitted to determine the guidelines range for supervised release applicable to the appellant's case. Because of the nature of his drug offense, the appellant had a statutory minimum term of supervised release of three years. 21 U.S.C. § 841(b)(1)(C). Three years was also the top of the supervised-release guidelines range applicable to his offense. U.S.S.G. §§ 5D1.2(a)(2), (c). The interaction between the statutory and guidelines provisions made three years *the* applicable guidelines "range" (actually point). U.S.S.G. § 5D1.2, Application Note 6; see *United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009). The judge was not bound by that ceiling—he could have (if circumstances warranted) sentenced the defendant to supervised release for life because there is no statutory ceiling on the length of supervised release for his offense. See 21 U.S.C. § 841(b)(1)(C). But he was required, before deciding on the length of the defendant's term of supervised release, to calculate the guidelines range and assess its appropriateness as a guide to sentencing the defendant, in light of the sentencing factors in 18 U.S.C. § 3553(a), and he failed to do these things.

In addition, the 22 conditions of supervised release that he imposed included more than a few that we have criticized in recent cases, such as that "the defendant shall not leave the judicial district without the permission of the court or probation officer," that he "shall support his or her dependents and meet other family responsibilities," that he "shall work regularly at a lawful occupation unless excused by his probation officer," that he "shall refrain from excessive use of alcohol" (with "excessive" undefined), that he "shall not

associate with any persons engaged in criminal activity" or "any person convicted of a felony, unless granted permission to do so by the probation officer," that "he shall permit a probation officer to visit him or her at any time at home," and, in a confusing overlap with the alcohol condition that we quoted, that he "shall abstain from the use and/or possession of all alcoholic beverages and any other substance for the purpose of intoxication"—and it's impossible to tell whether "for the purpose of intoxication" applies to alcoholic beverage or just to "any other substance." See, e.g., *United States v. Kappes*, No. 14–1223, 2015 WL 1546810, at *14–18 (7th Cir. Apr. 8, 2015); *United States v. Sewell*, 780 F.3d 839, 851 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 376–77, 379–80 (7th Cir. 2015); *United States v. Siegel*, 753 F.3d 705, 715–16 (7th Cir. 2014),

The government, in a perfunctory brief—the argument portion is only five pages long, with only 21 lines of type per page—concedes that the district judge erred in the supervised-release part of the sentence but calls the error harmless because the judge would have imposed the same 10-year term of supervised release had he known that the top of the applicable guidelines range was only 3 years. Maybe he would have, but who knows? Judges are *required* to calculate the applicable guidelines range before imposing sentence, though not bound to sentence within that range.

So the judgment must be reversed—and not just the ten-year term of supervised release. When a sentence consists of more than one form of punishment, such as prison, a fine, restitution, and supervised release, and one of the forms is as in this case altered by the appellate court, it cannot be assumed that the others should be unaffected. See *United States*

*v. Kappes*, *supra*, at *31; *United States v. Thompson*, *supra*, 777 F.3d at 382; *United States v. Albertson*, 645 F.3d 191, 198 (3d Cir. 2011). It's true that in *United States v. Johnson*, 529 U.S. 53, 59 (2000), a case in which the defendant, having been imprisoned for longer than he should have been (as determined when one of his convictions was vacated), asked that his term of supervised release be shortened in order to compensate for the extra time that he should not have been kept in prison, the Supreme Court rejected his request. It said "the objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." In other words, prison and supervised release are not interchangeable. *United States v. Kappes*, *supra*, at *31; *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009). But there is overlap, because a number of the conditions are not purely rehabilitative but are also (or instead) intended, as prison and fines are, to deter future criminal conduct and protect the law-abiding community. The Court said that "equitable considerations" could justify a court in reducing a term of supervised release if the defendant's incarceration had been wrongly extended. *United States v. Johnson*, *supra*, 529 U.S. at 60. All it forbade was an automatic rule that the term of supervised release must begin not on the date of the defendant's release from prison but on the date on which he should have been released.

Prison and fine, prison and restitution, and also prison and supervised release can as we've just noted be substitutes as well as complements. So if in this case on remand the judge narrows any of the conditions of supervised release or

shortens their duration, he may wish to reexamine the prison sentence that he imposed as additional punishment for the defendant's violation of probation. As explained in *United States v. Kappes*, *supra*, at *31, "because the custodial and supervised release portions of a sentence serve somewhat, though not entirely, overlapping purposes, there might properly be an interplay between prison time and the term and conditions of supervised release. If certain supervised release conditions are vacated, the balance struck by the sentencing judge might be disrupted to a degree where the judge would wish to alter the prison term and/or other conditions to ensure that the purposes of deterrence, rehabilitation, and protecting the public are appropriately furthered by the overall sentence" (citation and footnote omitted).

And finally we remind the judge of the need to reexamine the specific conditions imposed in light of our recent decisions, perhaps to discard some, and certainly to reword others.

REVERSED AND REMANDED.