In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1369

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT D. FALOR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cr-00578-1 — **Virginia M. Kendall**, *Judge.*

No. 14-1603

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL RICHARD JINES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:13-cr-40087-JPG-1 — **J. Phil Gilbert**, *Judge.*

ARGUED APRIL 16, 2015 — DECIDED SEPTEMBER 1, 2015

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Defendant-appellant, Robert D. Falor ("Falor"), was convicted of two counts of tax evasion, in violation of 26 U.S.C. § 7201, and sentenced to 74 months' imprisonment and 3 years of supervised release. In an unrelated case, defendant-appellant, Michael Richard Jines ("Jines"), was convicted of one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and sentenced to 96 months' imprisonment and 5 years of supervised release. We have consolidated the two appeals, heard on the same day, because they raise similar challenges to the conditions of supervised release imposed at sentencing. In light of this court's recent decisions in *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015) and *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), we reverse the judgments and remand each case for resentencing.

## I.  BACKGROUND

### A.  Robert D. Falor

Falor worked as the chief operator and manager of The Falor Companies, Inc. ("TFC"), which acquired and managed hotel properties in Chicago, Miami Beach, and elsewhere. Beginning in January 2006 and continuing until October 2008, Falor willfully attempted to evade the income tax he owed to the United States for the calendar years 2006 and 2007 by

diverting millions of dollars generated by the hotel properties managed by TFC into numerous nominee bank accounts that he controlled. In August 2011, a federal grand jury indicted Falor and charged him with three counts of tax evasion, in violation of 26 U.S.C. § 7201. Falor pleaded guilty to Count 2 and Count 3 without a plea agreement, and stipulated to the offense charged in Count 1.

The PSR prepared by the probation department prior to sentencing calculated the total tax loss caused by the two offenses charged in Count 2 and Count 3 and relevant conduct to be $1,561,675. This amount yielded a base offense level of 22, which was adjusted to 27 after several enhancements. With a Criminal History Category of I, Falor's advisory Sentencing Guidelines range was 70 to 87 months. The PSR noted that Falor's statutory range for supervised release was 0 to 3 years and his range under the Guidelines was 1 to 3 years; the PSR did not contain any conditions of supervised release.

The government argued that the total tax loss amount should include city and state occupancy taxes, which would increase the tax loss to $4,109,795, and asked for a sentence of 74 months' imprisonment. Falor opposed the government's tax loss calculation and objected to the PSR's finding that he acted as a leader or organizer, as well as its imposition of a sophisticated means enhancement. Falor argued for a sentence of 3 years or less.

At sentencing, the district court concluded that the total tax loss amount included the unpaid city and state occupancy taxes as relevant conduct. The district court also applied a two-level enhancement pursuant to the United States Sentencing

Commission Guidelines Manual ("U.S.S.G.") § 2T1.1(b)(1) based on Falor's failure to report or correctly identify the source of income from criminal activity, a two-level sophisticated means enhancement, and a four-level enhancement based on Falor's role in the offense. Finally, the district court applied a three-level reduction for acceptance of responsibility, arriving at an adjusted offense level of 29. Based on this offense level and his Criminal History Category, Falor's advisory Sentencing Guidelines range was 87 to 108 months' imprisonment. The government then moved for a 15 percent downward variance pursuant to U.S.S.G. § 5K1.1 based on Falor's cooperation, which the district court granted, without explanation, over Falor's objection that his cooperation warranted a larger reduction. Ultimately, the court sentenced Falor to 74 months' imprisonment and 3 years of supervised release, and ordered him to pay special assessment and restitution fees.

As to the conditions of supervised release, the district court stated the following:

> … upon release from prison, [you] shall be placed on supervised release. Within 72 hours, you need to report to the probation office within your district. And you shall not commit another federal, state, or local crime while you comply with those standard conditions imposed by the court.

The court then went on to impose several mandatory and special conditions of supervision, without explanation. Then, on February 11, 2014, the district court entered an amended written judgment which included the orally pronounced

"Additional Supervised Release Terms" and listed 13 "Standard Conditions of Supervision" that were not pronounced at the sentencing hearing.

Falor appeals, arguing that the district court erred by (1) inadequately addressing a principal argument in mitigation, (2) entering a written Amended Judgment whose "Standard Conditions of Supervision" differ from the terms orally pronounced at sentencing, and (3) imposing vague and over-broad discretionary conditions of supervised release that were unsupported by any findings under 18 U.S.C. § 3583(d) and involve excessive deprivations of liberty.

### B. Michael Richard Jines

From January to June 2013, Jines was involved in the manufacture of methamphetamine. On July 9, 2013, a grand jury returned a one-count indictment charging Jines with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Pursuant to a plea agreement, Jines pleaded guilty to the one-count indictment.

At sentencing, Jines faced an advisory Sentencing Guidelines range of 70 to 80 months and requested a sentence on the low-end of the Guidelines. In mitigation, Jines asked the court to consider his history of addiction, employment potential, and opportunity for rehabilitation. The government asked for an above-Guidelines sentence of 87 months on account of the nature and circumstances of the offense, risk to the public flowing from his offense and criminal history, and deterrence. The district court sentenced Jines to an above-Guidelines sentence of 96 months and 5 years of supervised release. The court then imposed several mandatory conditions of super-

vised release. It also adopted, without explanation, 13 standard conditions and 6 special conditions.

Jines appeals, contending that the district court committed procedural error in failing to consider a principal argument in mitigation—his cooperation with the government—when fashioning his sentence. Jines also argues that the district court did not adequately justify the above-Guidelines sentence it imposed. Finally, Jines argues that the district court erred by imposing non-mandatory supervised release conditions that were unsupported by any findings under 18 U.S.C. § 3583(d) and which excessively infringe on Jines' rights under the Constitution.

## II. ANALYSIS

Both Falor and Jines (collectively "appellants") raise, among other claims, that the discretionary supervised release conditions imposed on them at sentencing are invalid. On January 13, 2015, long after the parties had filed their opening briefs on appeal, this court decided *Thompson*, which held that, in imposing discretionary conditions of supervised release, a sentencing court must consider the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3583(d) and state its reasons for selecting particular conditions. *Thompson*, 777 F.3d at 373. Failure to do so may constitute reversible error. *Id.* at 382.

In light of *Thompson*, the appellants submitted position statements asking the court to vacate their sentences and remand to the district court for resentencing. Each also asked this court to allow them to proceed on the other issues that they raised on appeal. The government also submitted position papers, agreeing that the district court committed procedural

error in imposing conditions of supervised release without making findings that those conditions were supported by the § 3553(a) factors. The government noted that summary reversal and remand would be appropriate, but urged that it would not be judicially expedient for the court to consider the appellants' other arguments on appeal because the appellants would have the opportunity to present those same arguments to the district court upon remand.

We agree that the district courts committed procedural error in imposing discretionary conditions of supervised release without considering the § 3553(a) factors and explaining why those factors supported the imposition of the conditions. This court has stressed the importance of justifying the conditions and length of supervised release at sentencing by providing an adequate statement of reasons, reasonably related to the applicable § 3553(a) factors, because this practice allows for meaningful appellate review. *See Kappes*, 782 F.3d at 845; *Thompson*, 777 F.3d at 373. Although a sentencing court need not address every factor "in checklist fashion, explicitly articulating its conclusions regarding each one," *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008), a "rote statement" will not always suffice, *United States v. Starko*, 735 F.3d 989, 992 (7th Cir. 2013). When it comes to discretionary conditions of supervised release, "'[s]pecial' conditions often require more justification than 'standard' conditions—but not always—and a condition's label in the guidelines is ultimately irrelevant." *Kappes*, 782 F.3d at 846. "*All* discretionary conditions, whether standard, special or of the judge's own invention, require findings." *Id.* (emphasis in original). This rule is subject to a

harmless error analysis on appellate review. *United States v. Siegal*, 753 F.3d 705, 713 (7th Cir. 2014).

Here, where the sentencing courts made no findings in support of the discretionary conditions that they imposed on Falor and Jines, we cannot find harmless error. As the additional issues presented by both appellants on appeal may be raised at a full resentencing hearing in the district court, we vacate the entire sentences of both appellants and remand for a complete resentencing. On remand, the sentencing court should consider our recent discussions of supervised release, including *Kappes, Thompson,* and *Siegal, supra.*

### III. CONCLUSION

Both cases are REMANDED for resentencing.