**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 23, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1164

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 356-2 |
| RICARDO JUAREZ, *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

Ricardo Juarez supplied cocaine to the Latin Kings. He was charged in federal court with trafficking crimes and eventually pleaded guilty to a single count of distribution. *See* 21 U.S.C. § 841(a)(1). The district court sentenced Juarez to 28 months' imprisonment (amounting to time served in pretrial detention) and 3 years' supervised release, subject to many conditions. The court evaluated the sentencing factors in 18 U.S.C. § 3553(a) before imposing the prison sentence, but neglected to consider those

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

same factors in fashioning conditions of supervised release, a procedural requirement that we emphasized shortly before Jaurez's sentencing. *See* 18 U.S.C. §§ 3583(d), 3553(a); *United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015).

Juarez argues that the district court's failure to evaluate the § 3553(a) factors when imposing conditions of supervised release requires that we vacate the existing conditions and direct the court to formulate new conditions. The government concedes that the district court erred but asks for a full resentencing to allow for reconsidering the length of Juarez's prison sentence, if the court so chooses.

We agree that Juarez's sentence must be vacated because the district court did not consider the factors in § 3553(a) in determining the conditions of supervised release. *See United States v. Falor*, Nos. 14-1369 & 14-1603, 2015 WL 5117102, at *3 (7th Cir. Sept. 1, 2015); *Thompson*, 777 F.3d at 373. We also agree with the government that a full resentencing is appropriate. Because the district court must reconsider the supervisory conditions in light of the appropriate sentencing factors, it may also choose to reconsider the length of the prison sentence. *See United States v. Kappes*, 782 F.3d 828, 867 (7th Cir. 2015); *United States v. Raney*, No. 14-3265, 2015 WL 4747943, at *11 (7th Cir. Aug. 12, 2015); *Thompson*, 777 F.3d at 382. On remand, the district court should ensure that the conditions of supervised release it imposes reflect our recent decisions regarding vague and overbroad conditions. *See Kappes*, 782 F.3d 828; *United States v. Purham*, No. 14-3424, 2015 WL 4639259 (7th Cir. Aug. 5, 2015); *United States v. Sandidge*, 784 F.3d 1055 (7th Cir. 2015); *Thompson*, 777 F.3d 368.

We note that Juarez also challenges one of the conditions in the written judgment—that he "not possess a firearm, ammunition, destructive device, or any other dangerous weapon"—on the additional ground that it differs from the oral pronouncement, which omitted the phrase "any other dangerous weapon." The district court will be able to resolve this discrepancy on remand.

The judgment is VACATED and the case is REMANDED for resentencing.