In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2368

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALEXSIS J. GARCIA, A/K/A
ALEXIS JAMES GARCIA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 13 CR 40097 — **J. Phil Gilbert**, *Judge.*

ARGUED APRIL 22, 2015 — DECIDED OCTOBER 29, 2015

Before POSNER, KANNE, *Circuit Judges*, and DARRAH, *District Judge.**

DARRAH, *District Judge.* This is a direct appeal of a criminal sentence against defendant-appellant Alexsis J. Garcia ("Garcia"). Pursuant to an open plea agreement, Garcia pled

* Of the Northern District of Illinois, sitting by designation.

guilty to two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

The district court found that Garcia had a Criminal History Category of V and a total offense level of 19, which led to a guideline range of 57 to 71 months. The Government recommended a sentence of 120 months' imprisonment. The Government argued that Garcia's criminal history was almost that of a career offender and that Garcia should be sentenced between the guideline range of 57 to 71 months and the career offender guideline range of approximately 151 to 188 months. Garcia's counsel recommended a sentence at the low end of the range, 57 months, and argued that Garcia's traumatic childhood and his acceptance of Christianity were strong factors in mitigation. Defendant also made a statement in allocution that addressed both of those mitigating factors.

The district court sentenced Garcia to 108 months in prison. In addition, the district court imposed three years of supervised release without any consideration of the § 3553(a) sentencing factors.

Garcia presents three issues on appeal. First, Garcia argues that the district court did not offer a sufficiently compelling justification for imposing a sentence above the guideline range. Second, Garcia argues that the district court committed a procedural error when it stated that it intended to impose a sentence that was 27 months above the high end of the 57 to 71 month guideline range, but then imposed a sentence of 108 months' imprisonment, 37 months above the high end of the guideline range. Finally, Garcia argues that the district court erred by imposing discretionary supervised

release conditions without making any 18 U.S.C. § 3583(d) findings to support them.

A district court's sentence is reviewed under an abuse-of-discretion standard, regardless of whether that sentence is imposed inside or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-range sentence is upheld so long as the district court applied the factors in 18 U.S.C. § 3553(a) and adequately explains why the penalty is appropriate. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550–51 (7th Cir. 2011).

The district court reasonably determined that previous incarcerations had not deterred Garcia from committing serious crimes and that an above-the-range sentence was necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). The court also noted that Garcia remained drug free and helped people while he was imprisoned but had failed to do so when released. *See* 18 U.S.C. § 3553(a)(2)(D). Further, the court specifically found that the factors in aggravation outweighed the factors in mitigation. The district court applied the factors in 18 U.S.C. § 3553(a) and adequately explained why an above-the-range penalty is appropriate.

The Government has conceded that the case must be remanded for a new sentencing hearing on the imposition of the conditions for supervised release. "[S]entencing judges should impose conditions of supervised release which are (a) appropriately tailored to the defendant's offense, personal history and characteristics; (b) involve no greater deprivation of liberty than is reasonably necessary to achieve the goals of deterrence, protection of the public, and rehabilitation; and (c) sufficiently specific to place the defendant on notice of

what is expected." *United States v. Parrish Kappes*, 782 F.3d 828, 847–48 (7th Cir. 2015). Further, "a sentencing court must justify the conditions and the length of the term at sentencing by an adequate statement of reasons, reasonably related to the applicable § 3553(a) factors." *Id.* at 845 (citing *United States v. Bryant*, 754 F.3d 443, 445 (7th Cir. 2014)).

In this instance, the district court made no statement of reasons justifying the non-mandatory conditions of supervised release or the length of the term of supervised release. Therefore, the case must be remanded to the district court for resentencing and a statement of reasons in justification of the length and conditions of supervised release.

Garcia also argues that the district court committed a procedural error by imposing a 108 month sentence but also stating that the sentence would be 27 months above the high end of the guideline range, which would have resulted in a sentence of 98 months. Procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. When imposing the sentence, the district court stated:

> The Court, having considered all the information of the presentence report, including guideline computations and factors set forth in 18 USC 3553(a), pursuant to [the] Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Alexsis James Garcia is hereby committed to the custody of the Bu-

> reau of Prisons to be imprisoned for a term of 108 months on each count to be served concurrently. That's 27 months, a little over two years above the high end of the guideline range, which the Court, in balancing the aggravation and mitigation, feels that that's -- a 27-month above the guideline is appropriate.

Sent. Tr. at 18–19. The written judgment stated that Garcia was sentenced to 108 months on Counts 1 and 2 of the indictment, the sentences to run concurrently. The district court committed a procedural error by imposing a sentence that was 37 months above the guideline range.

Usually, if the oral and written sentences are in conflict, the oral pronouncement controls. *United States v. Daddino*, 5 F.3d 262, 266 (7th Cir. 1993). "This rule can only prevail, however, if the oral language is unambiguous." *Id.* It would be permissible to determine that the written judgement and commitment order controls. *See United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998). In this case, however, the district court on remand will be afforded an opportunity to sentence anew and assure there is no conflict.

It is therefore ORDERED that the case is remanded for resentencing. This will further provide the district court an opportunity to give clear justification for the length and conditions of supervised release and clarify its ruling as to the length of Garcia's sentence.