## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 15, 2015
Decided January 5, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3803

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 410 |
| FRANK PLADA, *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Frank Plada pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced within the guidelines range to 151 months' imprisonment and three years of supervised release. We agree with the parties that a remand for full resentencing is necessary because the district court failed to explain the need for supervised release. Plada also claims that the district court committed procedural errors when determining his sentence and that the sentence is unreasonable. Because we are remanding, he may make these arguments anew at resentencing.

In May 2013 Frank Plada and another person robbed a bank by passing the teller a note that said, "WE HAVE GUNS LOOSE BILLS ONLY." Plada, his hand in his pocket, gestured as if he had a gun. The pair absconded with $1,695.

After Plada pleaded guilty, a probation officer calculated a guidelines range of 151 to 188 months' imprisonment and 1 to 3 years of supervised release. The district court sentenced Plada to 151 months' imprisonment. The district court also imposed three years of supervised release and two special conditions—"alcohol and drug treatment at the request of the probation office" and mental health evaluation and treatment—without explanation. In its written judgment, the district court included 13 standard conditions that were not pronounced orally.

On appeal Plada argues, and the government concedes, that the district court erred by imposing a term of supervised release without explaining why it was necessary (it was not required by statute). We agree this was error. *See United States v. Moore*, 788 F.3d 693, 696 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828, 837 (7th Cir. 2015). Accordingly, Plada's sentence is vacated and his case remanded for a full resentencing. *See United States v. Harper*, 805 F.3d 818, 822 (7th Cir. 2015); *United States v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015). Although Plada does not challenge the two special conditions of supervised release pronounced at sentencing, we note that the district court also failed to explain its reasons for imposing these conditions—an error which would independently require a remand. *See Harper*, 805 F.3d at 822; *United States v. Falor*, 800 F.3d 407, 411 (7th Cir. 2015).

The parties further contend that a remand is required because the district court failed to orally pronounce the 13 standard conditions that were included in the written judgment, imposed the conditions without considering the § 3553(a) factors, and imposed several conditions that this court has criticized as vague or overbroad. Conditions that are not orally pronounced at sentencing, however, are nullities, and Plada could have moved under Rule 36 to vacate them. *See* FED. R. CRIM. P. 36; *United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015); *United States v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014). But, because we are remanding, the district court will have the opportunity to orally pronounce any conditions of supervised release and look to our recent cases—decided after Plada's sentencing—for guidance on tailoring the conditions of supervised release. *See Kappes*, 782 F.3d at 848–62; *United States v. Thompson*, 777 F.3d 368, 376–82 (7th Cir. 2015).

Because we are vacating, it is unnecessary to address Plada's remaining claims, and he can argue them again at resentencing. *See United States v. Garcia*, 804 F.3d 904, 908 (7th Cir. 2015); *Falor*, 800 F.3d at 411.

We VACATE Plada's sentence and REMAND for resentencing consistent with this order.