NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017
Decided December 15, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3913

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

GERARD M. LILES,
    *Defendant-Appellant.*

Appeal from the
United States District Court for the
Northern District of Illinois,
Eastern Division.

No. 13 CR 860

Ronald A. Guzmán,
*Judge.*

**O R D E R**

Gerard Liles pleaded guilty to distributing crack cocaine and was sentenced to 105 months in prison and a four-year term of supervised release. He appealed, and the parties agreed that the district judge failed to evaluate the conditions of supervised release under the relevant factors outlined in 18 U.S.C. § 3553(a) as required by recent circuit caselaw. *See, e.g., United States v. Falor*, 800 F.3d 407, 411 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828, 844–45, 847–62 (7th Cir. 2015). They further agreed that the appropriate remedy for this error was a remand for resentencing. *See Kappes*, 782 F.3d at

866–67. We accepted the confession of error, vacated the judgment, and remanded for resentencing.

On remand the judge entertained argument from the parties and imposed the same prison term and term of supervised release. The judge then imposed a modified set of supervised-release conditions and gave the parties an opportunity to state "any objections, modifications, amendments, or additions" to the conditions. Liles's attorney replied that he had "[n]othing on the supervised release conditions, Your Honor." The judge accordingly entered judgment.

Liles again appealed, but his attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Liles has not accepted our invitation to respond to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that this kind of appeal might be expected to involve. Because the analysis appears complete, we limit our review to the subjects counsel has raised.

Counsel begins by explaining that any challenge to Liles's conviction was waived because no such challenge was raised in the first appeal. *See United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014) ("[A]n issue that could have been raised on appeal but was not is waived and, therefore, not remanded."). As such, counsel properly rejects as frivolous any challenge to Liles's conviction.

Next, counsel explains that the district judge correctly calculated an offense level 23 and a criminal history category V, yielding an advisory sentencing range of 84 to 105 months in prison under the Sentencing Guidelines. Counsel properly rejects as frivolous any challenge to the court's calculation of the range. Counsel also concludes that any challenge to the substantive reasonableness of the 105-month sentence would be frivolous. The sentence was within the advisory range and thus is presumed reasonable on appeal. *Rita v. United States*, 551 U.S. 338, 347 (2007); *Kappes*, 782 F.3d at 846. Counsel explains that no nonfrivolous argument can be advanced to overcome the presumption. We agree.

Finally, counsel concludes that any challenge to the supervised-release conditions was waived. The judge expressly invited the parties to identify any "objections, modifications, amendments, or additions" to the conditions. Liles's counsel said he had none. That is indeed a waiver. *See United States v. Lewis*, 823 F.3d 1075, 1079 (7th Cir. 2016). We agree that any challenge to the supervised-release conditions would be frivolous.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.