**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 4, 2018
Decided June 11, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2175

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 387 |
| ANTHONY DARLING, <br> *Defendant-Appellant.* | Samuel Der-Yeghiayan, <br> *Judge.* |

**O R D E R**

Before sentencing a defendant to a term of supervised release, a district court judge must "calculate the guidelines range" and must "assess its appropriateness as a guide to sentencing the defendant, in light of the sentencing factors in 18 U.S.C. § 3553(a) … ." *United States v. Downs*, 784 F.3d 1180, 1181 (7th Cir. 2015). Neglecting to do either is "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Failing to announce at a sentencing hearing the advisory guidelines range for supervised release is not necessarily a procedural error if the record demonstrates that

the judge "was aware of and understood the guidelines recommendation for supervised release." *United States v. Oliver*, 873 F.3d 601, 610 (7th Cir. 2017). Such awareness is presumed if the sentencing judge had access to a presentence report that calculated the guideline range, and the judge both referenced the report during sentencing and imposed a within-range term of supervised release. *Id.* at 610–11.

Moreover, when a district judge assesses whether the advisory range for supervised release is appropriate, the judge is "not required to engage in a separate comprehensive analysis of the § 3553(a) factors as they appl[y] to [a defendant's] term of supervised release after extensively discussing those same factors with respect to [the defendant's] prison sentence." *Id.* at 611. A term of imprisonment and supervised release form a single sentence. *Id.* Thus, a district court judge must only "provide one overarching explanation and justification—tethered, of course, to the § 3553(a) factors— for why it thinks a criminal sentence comprised of both terms of imprisonment and supervised release is appropriate." *Id.* (internal citation omitted).

The issues that Anthony Darling raises in this appeal, and the facts from which they arise, are materially indistinguishable from those considered in *Oliver*. As in that case, the district court here had before it a PSR that properly calculated the guideline range as one to three years' supervised release. The district court noted that the PSR informed its sentencing determination and then imposed a within-range term of supervised release. Additionally, after reviewing the sentencing factors identified in section 3553(a), the district court imposed a sentence of 84 months' imprisonment and three years of supervised release. There was no gap between its discussion of the factors, its announcement of the length of imprisonment, and its announcement of the length of supervised release. The discussion of the section 3553(a) factors applied to both aspects of the sentence.

Darling's sentence is AFFIRMED.